[Cite as *Washek v. Washek*, 2019-Ohio-1504.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| MICHAEL J. WASHEK | JUDGES: |
| | Hon. William B. Hoffman, P. J. |
| Plaintiff-Appellee | Hon. John W. Wise, J. |
| | Hon. Earle E. Wise, Jr., J. |
| -vs- | |
| | Case No. 18 CA 22 |
| ALEXANDRIA K. WASHEK (nka REDDELLE) | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING: Civil Appeal from the Court of Common Pleas, Domestic Relations Division, Case No. 14 DR 364

JUDGMENT: Affirmed


DATE OF JUDGMENT ENTRY: April 18, 2019


APPEARANCES:

For Plaintiff-Appellee

MICHAEL J. WASHEK
PRO SE
3321 Old Mill Road, NE
Lancaster, Ohio 43130

Guardian Ad Litem

ANGELA SEIMER
437 West Broad Street
Lancaster, Ohio 43130

For Defendant-Appellant

ALEXANDRIA K. REDDELLE
PRO SE
4930 Albany Meadow
Westerville, Ohio 43081

*Wise, John, J.*

{¶1} Defendant-Appellant Alexandria K. Washek, nka Reddelle, appeals from her divorce in the Fairfield County Court of Common Pleas, Domestic Relations Division. Plaintiff-Appellee Michael J. Washek is the former spouse. The relevant facts leading to this appeal are as follows.[1]

{¶2} The parties were married in North Carolina in April 1996. Four children were born as issue of the marriage, one of whom is now an emancipated adult.

{¶3} On September 22, 2014, Appellee Michael filed a complaint for divorce in the Fairfield County Court of Common Pleas, Domestic Relations Division. Appellant Alexandria filed an answer on October 20, 2014. The trial court thereafter appointed a guardian ad litem ("GAL") for the aforesaid three minor children.

{¶4} On June 16, 2015, while the parties were still under temporary orders, appellant filed an emergency motion for custody and other orders. Following a hearing, appellant and appellee entered into a temporary agreement on July 16, 2015 concerning the allocation of parental rights and responsibilities. In essence, pending final resolution of the case, appellee was treated as the residential parent, while appellant was afforded scheduled parenting time.

{¶5} On November 9, 2015, the parties entered into another agreed interim order. Among other things, both agreed to undergo a psychological evaluation with Dr. David Tennenbaum and to follow any parenting time recommendations of the GAL as a result of said evaluation. The agreed interim order was filed with the trial court on January

---

[1] The matter before us involved a lengthy period of pre-trial proceedings, a full recitation of which is herein being curtailed in the interest of judicial economy.

25, 2016. The agreement further set forth that the contempt filed by appellant against appellee on February 5, 2015 was dismissed and established various other interim orders.

{¶6} Nonetheless, appellant filed an emergency custody motion the next day, January 26, 2016. The parties thereupon reached another agreed order, making some minor modifications to their temporary parenting time orders and addressing counseling for one of the children. Appellant also dismissed her motion for emergency custody. The agreed entry was filed on January 29, 2016.

{¶7} On April 18, 2016, the magistrate issued an emergency order designating appellee as the residential parent and legal custodian of all three children. An agreed interim order continuing appellee's status as legal custodian was issued on May 5, 2016.

{¶8} The GAL filed her report on February 27, 2017, recommending *inter alia* that appellee remain the legal custodian and residential parent of the minor children and that appellant continue supervised parenting time.

{¶9} The remaining issues were heard before a magistrate on March 6, 7, and 8, 2017.

{¶10} On March 14, 2017, an amended agreed judgment entry regarding the allocation of parental rights and responsibilities was filed with the trial court. As a result, appellee was designated as the legal custodian of the parties' three minor children.

{¶11} On October 23, 2017, the magistrate issued a 64-page decision recommending the granting of a divorce and addressing property and debt division, child support, and other issues. Among other things, the magistrate noted that the marital residence had been foreclosed upon during the pendency of the divorce. Furthermore,

no spousal support was awarded, and no jurisdiction was maintained thereon. The magistrate also incorporated the aforementioned agreed entry regarding the allocation of parental rights and responsibilities. On November 7, 2017, the magistrate issued an amendment to correct the spelling of appellant's name.

{¶12} Appellant, via counsel, filed an objection to the decision of the magistrate on November 6, 2017. Supplemental objections were filed by appellant on March 20, 2018. Appellee filed a memorandum in opposition on April 24, 2018.

{¶13} On May 11, 2018, the trial court issued a final judgment entry overruling appellant's objections and adopting the magistrate's decision.

{¶14} On June 11, 2018, appellant filed a notice of appeal. She herein raises the following four Assignments of Error:

{¶15} "I. TRIAL COURT FAILED TO ACKNOWLEDGE AND CONSIDER THE EXTREME DURESS MS. REDDELLE WAS UNDER AT THE TIME OF TRIAL. TRIAL COURT ERRED IN ALLOWING THE 'AGREED ENTRY' TO GO FORTH KNOWING THAT MS. REDDELLE WAS UNWILLING TO MAKE THE STATEMENTS THE COURT CONTINUALLY ASKED OF HER REGARDING CUSTODY.

{¶16} "II. TRIAL COURT FAILED TO CONSIDER DUE PROCESS THEREBY CONTINUALLY DENYING MS. REDDELLE HER CONSTITUTIONAL RIGHT [SIC] AND A PROPER DEFENSE. TRIAL COURT ERRED IN ALLOWING GAL TO PREVENT OFFICIAL PROCEEDINGS FROM TAKING PLACE. TRAIL [SIC] COURT ERRED IN FORCING THE DIVORCE TRIAL TO PROCEED WITHOUT ANY CONSIDERATION OF ALLOWING PROPER PARENT / CHILD RECONNECTION. TRIAL COURT FAILED TO

CONSIDER GAL'S EXTREME BIAS / PERJURY ON THE CASE, THEREBY ALLOWING THE COURT ITSELF TO BECOME BIAS [SIC].

{¶17} "III.   TRIAL COURT FAILED TO ADDRESS OR CONSIDER THE DOMESTIC VIOLENCE THAT MS. REDDELLE WAS A VICTIM OF AT THE HANDS OF MR. WASHEK. TRIAL COURT FAILED TO CONSIDER DOMESTIC VIOLENCE BY PROXY. TRIAL COURT FAILED TO PROVIDE MS. REDDELLE WITH ANY LEVEL OF PROTECTION FROM SPOUSAL ABUSE DURING THE COURSE OF THE CASE.

{¶18} "IV.   TRIAL COURT FAILED TO ACCURATELY ADDRESS FINANCIAL MANNERS [SIC]. TRIAL COURT ERRED IN ACCEPTING MR. WASHEK AS AN EXPERT WITNESS ON MS. REDDELLE'S CAREER. TRIAL COURT ERRED IN REFUSING TO CONSIDER MS. REDDELLE AN EXPERT ON HER CAREER. TRIAL COURT FAILED TO CONSIDER THE ENTIRETY OF MR. WASHEK [SIC] MONETARY GAIN DURING THE DIVORCE PROCEEDINGS. TRIAL COURT ERRED IN ASSUMING MS. REDDELLE' S STANDARD OF LIVING HAD NOT DECREASED. TRIAL COURT ERRED IN ADEQUATELY [SIC] ASSESSING CURRENT INCOME."

I.

{¶19} In her First Assignment of Error, appellant contends the trial court erred in failing to account for her claimed duress during the trial, particularly as to the court's acceptance of the parties' March 2017 agreed entry concerning parental rights and responsibilities. We disagree.

{¶20} Dissatisfaction with or general remorse about consenting to a settlement agreement does not constitute duress. *Croxton v. Maggiore*, 5th Dist. No. 2016CA00029, 2017-Ohio-1535, 88 N.E.3d 1236, ¶ 36, citing *Murray v. Murray,* 6th Dist. Lucas No. L-

09-1305, 2011-Ohio-1546. "Three elements are common to situations were [sic] duress has been found to exist: (1) one side involuntarily accepted the terms of another; (2) circumstances permitted no other alternative; and (3) said circumstances were the result of the coercive acts of the opposite party." *Id.*, citing *Blodgett v. Blodgett,* 49 Ohio St.3d 243, 246, 551 N.E.2d 1249 (1990).

**{¶21}** We note the argument section of appellant's present brief directs us to eight lines of the transcript near the beginning of the divorce trial which she urges would demonstrate that the agreement in question, which named appellee as legal custodian, was "compelled." *See* Appellant's Brief at 14. In the first passage (Tr. at 15), appellant tells the magistrate that she believes it is in the children's best interest to "share their parents." In the other passage, she indicates that she plans to file for custody "as fast as humanly possible because I have raised those children." Tr. at 16. Otherwise, appellant does not direct us to any portions of the record upon which she relies, as required by App.R. 16(A)(7).[2] Furthermore, it is not the duty of an Ohio appellate court to create arguments for the parties and search the record for evidence to support them. *See Sisson v. Ohio Department of Human Services,* 9th Dist. Medina No. 2949–M, 2000 WL 422396. We nonetheless have observed that appellant at this point in the transcript also agreed that the agreement was in the children's best interest "for the time being." Tr. at 15.

---

[2] In her reply brief, at pages 18 and 21, appellant provides some additional transcript cites, but we find these fail to add anything to her present theory of duress. Furthermore, "[t]he reply brief is not the proper place for citing to the proper pages in the record." *State v. Jones*, 7th Dist. Mahoning No. 06 MA 109, 2008-Ohio-1541, ¶ 38.

**{¶22}** Accordingly, we are unpersuaded that the trial court erroneously failed to find the existence of duress in appellant's acquiescence on the record to the agreed entry concerning custody of the children.

**{¶23}** Appellant's First Assignment of Error is overruled.

II., III.

**{¶24}** In her Second Assignment of Error, appellant urges on general grounds that she was deprived of due process of law during the trial court proceedings and that the court improperly utilized the appointed guardian ad litem ("GAL"). In her Third Assignment of Error, appellant maintains the trial court failed to address alleged issues of domestic violence by appellee against her.

**{¶25}** As referenced in our earlier analysis, App.R. 16(A)(7) requires that an appellant's brief include "[a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies." In this instance, appellant's argument section makes no specific references to the trial record at all.

**{¶26}** Moreover, pursuant to Civ.R. 53, objections to a magistrate's decision must be specific. *Stephens v. Bertin*, 5th Dist. Stark No. 2006 CA 00052, 2006-Ohio-6401, ¶ 25. Clearly, Civ.R. 53(D)(3)(b)(iv) provides that except for a claim of plain error, a party shall not assign as error on appeal the trial court's adoption of any factual finding or legal conclusion "unless the party has objected to that finding or conclusion * * *."

**{¶27}** In the case *sub judice*, appellant's original objections to the magistrate decision raised issues of (1) lack of spousal support, (2) alleged duress in agreeing to an

order for child custody, and (3) child support. The supplemental objections expanded on those three issues, and added issues of (4) division of certain securities held by appellee and (5) award of the children's tax exemptions. Accordingly, we will treat as waived appellant's present challenges concerning due process, allowance of "parent/child reconnection," the alleged bias of the GAL, and failure to address domestic violence concerns. We further find no basis to invoke the doctrine of plain error under these circumstances.[3]

**{¶28}** Appellant's Second and Third Assignments of Error are therefore overruled.

IV.

**{¶29}** In her Fourth Assignment of Error, appellant argues on several grounds that the trial court erred in addressing various financial issues pertaining to the parties' divorce.

### A.  Appellee's Testimony regarding Appellant's Work History

**{¶30}** Appellant first alleges that appellee (former husband) was improperly permitted to "act" as an expert witness concerning appellant's employment history, essentially her work as a nurse. She further contends that she should have instead been recognized as an expert. We first note that neither appellant's Civ.R. 53 objections to the magistrate's decision nor her supplemental objections raise this issue. *See Stephens, supra.* Furthermore, we have been unable to locate in the trial transcript any objections

---

[3]  We do not seek to ignore domestic violence dangers in any case before this Court. However, appellant's argument in this regard is factually unspecific and does not articulate a proposed direct remedy from this Court at this stage of the case, even though our review of the trial court record indicates that as far back as January 2015, appellant made domestic violence allegations regarding appellee. *See* Appellant's Affidavit in Support of Temporary Orders.

to appellee's testimony in this regard. *See* Tr. at 220-306; 357-363. Where an appellant does not object at trial, evidentiary errors are waived. *Homol v. Homol*, 7th Dist. Jefferson No. 11 JE 33, 2012-Ohio-6272, ¶ 13, citing Evid.R. 103(A).

**{¶31}** Accordingly, we find appellant's challenge to the evidence on these two bases must fail.

*B. Question of Appellee's "Monetary Gain"*

**{¶32}** Appellant also argues that the trial court "failed to adequately consider the entirety of [appellee's] monetary gain during the course of this case." Appellant's Brief at 16.

**{¶33}** Appellant appears to be arguing that the trial court's property division was erroneous and/or that appellee engaged in financial misconduct during the pendency of the divorce. As an appellate court, we generally review the overall appropriateness of the trial court's property division in divorce proceedings under an abuse of discretion standard. *Cherry v. Cherry* (1981), 66 Ohio St.2d 348, 421 N.E.2d 1293. Generally, "[t]he valuation of marital assets is typically a factual issue that is left to the discretion of the trial court." *Roberts v. Roberts,* 10th Dist. Franklin No. 08AP–27, 2008–Ohio–6121, ¶ 18 (citation omitted). In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary, or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 450 N.E.2d 1140.

**{¶34}** Although appellant presents (again without proper citation to the record) several claims of appellee's financial activities during the divorce, including cosmetic procedures, loans taken out for home furnishings, and filing of an individual bankruptcy petition, we note that the only challenge as to property division in appellant's Civ.R. 53

objections and supplemental objections had to do with appellee's stock and stock options acquired via his employment. Given the limited scope of our review under these circumstances, we are unpersuaded that the trial court's division of property for purposes of the divorce was unreasonable, arbitrary, or unconscionable.

*C. Treatment of $45,000.00 Appellee Received from Parents*

**{¶35}** Appellant also contends the trial court erred in not treating as marital property a $45,000.00 sum appellee received from his parents, which appellee testified was a loan. *See* Tr. at 221-223.

**{¶36}** We find this argument waived under Civ.R. 53(D)(3)(b)(iv), and we find no basis to invoke the doctrine of plain error on this aspect of the court's division of property.

*D. Redress of "Tax Matters"*

**{¶37}** Appellant additionally contends the trial court erred in refusing to acknowledge appellee's alleged obduracy regarding tax payments and filings during the marriage and/or divorce proceedings. She maintains *inter alia* that she has been left with lingering tax debts that she has yet to resolve. However, a review of appellant's Civ.R. 53 objections and supplemental objections reveals that the only tax issue raised had to do with appellee's award of the children's tax exemptions in the magistrate's decision. We therefore will not further address appellant's present claims regarding tax matters.

*E. Denial of Spousal Support*

**{¶38}** Appellant further argues the trial erred in denying appellant an award of spousal support.

**{¶39}** R.C. 3105.18(C)(1) provides as follows:

In determining whether spousal support is appropriate and reasonable, and in determining the nature, amount, and terms of payment, and duration of spousal support, which is payable either in gross or in installments, the court shall consider all of the following factors:

(a) The income of the parties, from all sources, including, but not limited to, income derived from property divided, disbursed, or distributed under section 3105.171 of the Revised Code;

(b) The relative earning abilities of the parties;

(c) The ages and the physical, mental, and emotional conditions of the parties;

(d) The retirement benefits of the parties;

(e) The duration of the marriage;

(f) The extent to which it would be inappropriate for a party, because that party will be custodian of a minor child of the marriage, to seek employment outside the home;

(g) The standard of living of the parties established during the marriage;

(h) The relative extent of education of the parties;

(i) The relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties;

(j) The contribution of each party to the education, training, or earning ability of the other party, including, but not limited to, any party's contribution to the acquisition of a professional degree of the other party;

(k)  The time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience so that the spouse will be qualified to obtain appropriate employment, provided the education, training, or job experience, and employment is, in fact, sought;

(l)  The tax consequences, for each party, of an award of spousal support;

(m)  The lost income production capacity of either party that resulted from that party's marital responsibilities;

(n)  Any other factor that the court expressly finds to be relevant and equitable.

**{¶40}** A trial court's decision concerning spousal support may only be altered if it constitutes an abuse of discretion. *See Kunkle v. Kunkle* (1990), 51 Ohio St.3d 64, 67, 554 N.E.2d 83. An abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore*, *supra.* Furthermore, as an appellate court, we are not the trier of fact. Our role is to determine whether there is relevant, competent, and credible evidence upon which the factfinder could base his or her judgment. *Tennant v. Martin–Auer,* 188 Ohio App.3d 768, 936 N.E.2d 1013, 2010–Ohio–3489, ¶ 16, citing *Cross Truck v. Jeffries,* 5th Dist. Stark No. CA–5758, 1982 WL 2911.

**{¶41}** We have often reiterated that while R.C. 3105.18(C)(1), *supra,* does set forth fourteen factors the trial court must consider, if the court does not specifically address each factor in its order, a reviewing court will presume each factor was considered, absent evidence to the contrary. *Carroll v. Carroll,* 5th Dist. Delaware No.

2004–CAF–05035, 2004–Ohio–6710, ¶ 28, citing *Watkins v. Watkins,* 5th Dist. Muskingum No. CT 2001–0066, 2002–Ohio–4237, ¶ 21 (additional citations omitted). In this instance, however, the magistrate went the extra mile and devoted eighteen pages of analysis to the spousal support question, walking through all of the applicable R.C. 3105.18(C)(1) considerations. Appellant seems to imply that she was denied spousal support solely "based on [her] lower income status." *See* Appellant's Brief at 20. This is a complete mischaracterization of the trial court's decision, and we find no abuse of discretion in the court's ultimate decision not to award spousal support.

### *F. Appellant's Purchase of Motor Vehicle during Pendency of Divorce*

**{¶42}** Appellant's next sub-assignment of error pertains to the magistrate's finding that each party, during the pendency of the divorce, purchased an automobile on credit, without obtaining relief from the court's temporary mutual restraining order. Appellee purchased a 2011 Nissan Altima for $11, 209.84, while appellant purchased a 2011 BMW X-3 for $28,807.00. *See* Magistrate's Decision at 2-3. Appellant presently claims the court thereafter "erred in assuming that [her] standard of living had not decreased solely based on the type of vehicle driven." Appellant's Brief at 20. This is in apparent reference to the trial court's consideration of the spousal support factor of R.C. 3105.18(C)(1)(g), *i.e.*, "[t]he standard of living of the parties established during the marriage." In any event, appellant is presently required to show that a recited error was prejudicial to her (*see Tate v. Tate,* 5th Dist. Richland No. 02-CA-86, 2004-Ohio-22, 2004 WL 26517, ¶ 15), and we find she has failed to do so on this point in light of the entirety of the court's divorce orders.

### G. Calculation of Marital Credit Card Debt

**{¶43}** Appellant further claims the trial court erred in its assessment of marital debt in the divorce. We first observe that the question of debts stemming from the marriage, whether individual or marital, were not raised upon Civ.R. 53 objection. Nevertheless, appellant's claims in this regard must fail, as she was frequently unable to provide proper documentation of her claims at trial concerning certain credit card balances, with the magistrate concluding that appellant "does not know the nature and extent of her debts." *See* Tr. at 161-180; Magistrate's Decision at 11.

### H. Imputed Income

**{¶44}** Appellant next challenges the trial court's imputation of $50,000.00 as her annual income for spousal support and child support purposes, asserting that at the time of trial her "estimated income" was closer to $16,000.00.

**{¶45}** R.C. 3105.18(C) permits a court's inquiry into a party's earning potential for purposes of calculating spousal support. Thus, "Ohio courts often impute income to parties who are voluntarily underemployed or otherwise not working up to their full earning potential." *Blevins v. Blevins*, 2nd Dist. Greene No. 2018-CA-23, 2019-Ohio-297, ¶ 10 (additional citations omitted). In addition, the child-support worksheet in the Revised Code includes space for the assessment of each parent's income, which is defined, for a parent who is unemployed or underemployed, as "the sum of the gross income of the parent and any potential income of the parent." R.C. 3119.01(C)(5)(b). Included in the definition of "potential income" is imputed income as determined by a court or child-support enforcement agency. R.C. 3119.01(C)(11). Also, "[t]he definitions of income under R.C. 3119.01 are broad and expansive to protect the child's best interests." *Vonderhaar–*

*Ketron v. Ketron,* 5th Dist. Fairfield No. 10 CA 22, 2010–Ohio–6593, ¶ 48, citing *Bishop v. Bishop,* 4th Dist. Scioto No. 03CA2908, 2004–Ohio–4643, ¶ 16 (additional citation omitted).

**{¶46}** The imputation of income is a matter to be determined by the trial court based upon the facts and circumstances of each case. *Rock v. Cabral* (1993), 67 Ohio St.3d 108, 616 N.E.2d 218, paragraph one of the syllabus. A determination with respect to these matters will be reversed only upon a showing of abuse of discretion. *Id.*[4]

**{¶47}** Appellant herein makes the cursory claim that the $50,000.00 figure is not supported by the evidence presented at trial, but again fails to develop the argument or present any citations to the record. We note the magistrate's decision, ultimately adopted by the trial court, includes nearly three pages of analysis applying the evidence heard at trial to the definition of "potential income" set forth in R.C. 3119.01(C)(11). Additional analysis was conducted in the magistrate's spousal support review. Upon review, we find no abuse of discretion in the trial court's resulting determination of imputed income.

## *I. Retroactivity of Child Support*

**{¶48}** Appellant lastly challenges the trial court's decision to make her child support obligation retroactive to April 18, 2016. *See* Magistrate's Decision at 48.

**{¶49}** "The determination of whether to make a child support modification order retroactive is within the discretion of the trial court and will not be reversed on appeal absent a showing of an abuse of discretion." *Winn v. Wilson*, 12th Dist. Butler No. CA2017-04-052, 2018-Ohio-1010, ¶ 39.

---

[4] *Rock* addressed income imputation in the context of child support matters, but its holding has been applied to issues of spousal support as well. *See, e.g., Keigley v. Keigley*, 5th Dist. Fairfield No. 15-CA-12, 2016-Ohio-180, ¶ 27.

**{¶50}** Appellant's argument herein again fails to comport with the briefing requirements of App.R. 16(A)(7), and upon review we find no abuse of discretion on this issue.

## *Conclusion*

**{¶51}** Appellant's Fourth Assignment of Error is overruled.

**{¶52}** For the foregoing reasons, the judgment of the Court of Common Pleas, Domestic Relations Division, Fairfield County, Ohio, is hereby affirmed.


By: Wise, John, J.

Hoffman, P. J., and

Wise, Earle, J., concur.


JWW/d 0326