[Cite as *Salameh v. Doumet*, 2019-Ohio-5391.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| LINA YOSSEF SALAMEH | : | JUDGES: |
| | : | |
| | : | Hon. Patricia A. Delaney, P.J. |
| Third-Party Plaintiff-Appellee | : | Hon. Craig R. Baldwin, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | Case No. 19 CAF 01 0009; |
| | : | Consolidated with 19 CAF 01 0008 |
| | : | |
| BOUCHRA DOUMET | : | |
| | : | |
| | : | |
| Third-Party Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Appeal from the Delaware County Court
of Common Pleas, Domestic Relations
Division, Case No. 16 DR A 06 0316

JUDGMENT:     AFFIRMED

DATE OF JUDGMENT ENTRY:     December 27, 2019

APPEARANCES:

For Third-Party Plaintiff-Appellee:     For Third-Party Defendant-Appellant:

ROBERT BRACCO     OMAR TARAZI
1170 Old Henderson Road     5635 Sandbrook Lane
Suite 109     Hilliard, OH 43026
Columbus, OH 43220

*Delaney, P.J.*

{¶1}   Third-Party Defendant-Appellant Bouchra Doumet appeals the December 27, 2018 Judgment Entry on the Amended Third-Party Complaint and Counterclaim and other judgment entries of the Delaware County Court of Common Pleas, Domestic Relations Division. Third-Party Plaintiff-Appellee is Lina Yossef Salameh.

## FACTS AND PROCEDURAL HISTORY

{¶2}   Plaintiff-Appellant Anmar Salameh ("Husband") and Defendant/Third-Party Plaintiff-Appellee Lina Salameh ("Wife") were married in Syria on August 7, 2009 and in the United States on November 16, 2009.

### Marital Home

{¶3}   Husband has a brother, Bachar, and two sisters, Bouchra and Ritta. At the time of the trial, Husband's parents were living in Syria. Sister and her husband reside in Toledo, Ohio. Bachar lives in Paris, France. Ritta lives with her parents in Syria. The siblings testified at the trial and spoke of a close and supportive relationship, both emotionally and financially. The evidence presented at trial showed numerous transfers of money between Husband and his family before and during Husband and Wife's marriage in relation to property purchases.

{¶4}   Husband and Wife resided together at 10350 Widdington Close ("marital home") until December 27, 2016, when trial court issued a civil protection order against Husband requiring Husband to vacate the marital home. The marital home, however, was titled in the name of Sister.

{¶5}   On February 28, 2014, Husband and Wife closed on a property located at 10350 Widdington Close ("marital home"). The marital home was a foreclosure and listed

on a short sale for $650,000. At the time of the purchase, Husband stated he could not obtain financing because he had lost his job with Beaver Excavating as a civil engineer. Husband claimed that he and Sister, with advice from his real estate broker, agreed that Sister would purchase the marital home as an investment property. Sister wanted to purchase the house outright, but because of the short sale, the real estate broker recommended the marital home be purchased in the name of Husband and Wife. Husband and Wife could then transfer the marital home to Sister. Husband testified that he, Wife, and Sister reached an oral agreement regarding the transfer to Sister. Wife denied agreeing with the transfer to Sister. On February 20, 2014, Husband, Wife, and Sister signed a "Terms of Transfer" document, which stated as follows:

> Anmar Salameh and Lina Yossef (the "Transferers"), a married couple, agree to transfer the sole title & ownership of the property located in Delaware County at 10350 Widdington Close, Powell, Ohio 43065 * * * to Bouchra S Doumet (the "Transferee"), a married woman, for the purchase price of $0 (zero dollars) immediately following the closing & settlement at Peak Title Agency, LLC. For the Transferers' purchase of said property & parcels on February 28th, 2014.
>
> By signing below, the aforementioned parties agree to the terms set forth in the "Terms of Transfer":

{¶6} On February 28, 2014, Wife signed a HUD-1 Settlement Statement regarding the sale of the marital home from the original sellers to Husband and Wife. The contract price of the marital home was $350,000, which was then reduced by a real estate tax credit from sellers for the purchase amount of $346,557.95. Husband paid $46,558 at

closing. He stated $37,279 were his separate funds from the sale of his pre-marital home and $7,279 was marital funds. Sister paid $300,000. The account from which Sister withdrew the $300,000 to pay for the marital home was also the account that she deposited $130,000 from Husband. In 2013, Husband gave Sister $130,000 that she was to give to Bachar for the construction of an apartment building in Syria.

{¶7} On February 21, 2014, Wife signed a HUD-1 Settlement Statement regarding the transfer of the marital home from Husband and Wife to Sister. After closing, Husband and Wife transferred title and ownership of the marital home to Sister for no consideration. Sister transferred her ownership of the marital home to a limited liability company, BDMD, LLC, the sole member of which is a trust managed by Sister and her husband.

### Divorce Action

{¶1} On June 30, 2016, Husband filed a Complaint for Divorce with Children in the Delaware County Court of Common Pleas, Domestic Relations Division. Wife filed an Answer, Counterclaim, and Third-Party Complaint against Third-Party Defendant Valcon Consulting Group, LLC.

{¶2} The following summarizes the numerous filings by Wife and Sister in relation to the issue of the marital home. Our summary does not include the equally numerous filings between Wife and Husband; those can be found in our decision on Husband's separate appeal of the divorce proceedings.

{¶3} On January 4, 2017, Wife filed a Motion to Add Third-Party Defendant Instanter. Wife moved to add Husband's sister, Third-Party Defendant-Appellant Bouchra Doumet ("Sister") as a third-party defendant due to Sister's possession of an alleged

marital asset, the marital home. Wife argued Sister was a necessary party to adjudicate all property claims in the divorce proceeding.

{¶4} Sister and Husband both opposed Wife's motion to join Sister as a third-party defendant. On January 27, 2017, Wife filed an amended motion to add Sister as a third-party defendant. In her amended motion, Wife argued that Sister should be joined to the divorce action pursuant to Civ.R. 75(B)(1). Wife also filed a reply to her motion to add Sister as a third-party defendant.

{¶5} Sister moved to evict Wife from the marital home on January 27, 2017.

{¶6} On February 1, 2017, the magistrate assigned to the divorce proceeding issued his order granting Wife's motion to join Sister as a party to the action. The magistrate found that pursuant to Civ.R. 15, Civ.R. 75, and R.C. 3105.171, the trial court had jurisdiction to determine whether the residence was a marital asset and whether Husband engaged in a fraudulent conveyance of said asset to Sister. It granted the motion to add Sister as a third-party defendant. The trial court further granted Wife leave to file an Amended Answer and Counterclaim. On February 9, 2017, the magistrate issued a nunc pro tunc order to correct a typographical error.

{¶7} On February 10, 2017, Sister filed a motion to set aside the magistrate's order granting Wife's motion to join Sister as a third-party defendant. Sister contended the Domestic Relations Division was without subject matter jurisdiction to consider Wife's arguments as to the ownership of the marital home. Sister filed a supplemental motion on February 13, 2017.

{¶8} On February 14, 2017, Wife filed a motion for a temporary restraining order against Sister. Wife requested the trial court restrain Sister from evicting Wife from the

marital home during the divorce proceedings. On that same day, Wife filed an amended answer, counterclaim, and third-party complaint. Sister responded to the motion for temporary restraining order on February 14, 2017.

{¶9}   On March 9, 2017, Sister filed a motion for temporary orders that Wife pay Sister rent while Wife resided in the marital home during the divorce proceedings.

{¶10} Sister filed a complaint for eviction, declaratory judgment, and ejectment against Wife in the Delaware County Court of Common Pleas, General Division on April 6, 2017. The matter was stayed pending the resolution of the divorce proceedings.

{¶11} On April 11, 2017, the trial court ordered Husband to pay rent to Sister on the marital home in the amount of $4,000 per month. The trial court further restrained Sister from evicting Wife from the marital home. Finally, the trial court denied Sister's motion to set aside the February 1, 2019 magistrate's order.

{¶12} On September 29, 2017, Sister filed a motion to compel discovery regarding Sister's entry into the marital home for inspection purposes.

{¶13} On October 2, 2017, Sister filed a motion to dismiss Wife's third-party complaint for failure to state a claim upon which could be granted. Wife filed a motion for leave to amend and clarify the third-party complaint.

{¶14} On October 5, 2017, Sister filed a counterclaim for declaratory judgment arguing she was the record title owner of the marital home. She brought claims for ejectment, trespass, and unjust enrichment. Sister stated that Husband and Wife transferred the marital home to Sister by General Warranty Deed. The marital home was then transferred from Sister to a limited liability company, BDMD, LLC, the sole member of which was a trust managed by Sister and her husband.

{¶15} On October 13, 2017, Sister filed a motion for leave to file a motion for summary judgment on Wife's claims against Sister. Wife responded and Sister replied. On December 7, 2017, the trial court denied Sister's motion for leave without explanation.

{¶16} On November 29, 2017, Sister filed a motion to compel discovery from Wife regarding entry and inspection of the marital home. Wife responded to the motion on December 1, 2017. On December 7, 2017, the trial court denied Sister's motion to enter the home because Wife had arranged for a real estate appraiser to enter the property for an appraisal, including appropriate photographs. The trial court noted that Wife's real estate appraiser was the same person as suggested by Sister.

{¶17} On December 19, 2017, the trial court issued a "Judgment Entry *En Banc*" resolving the multiple motions from Wife, Sister, and Husband pending before the trial court. The trial court summarized as follows:

> The underlying facts in the Record, and as alleged to the Court are actually quite simple – Plaintiff-Husband and Defendant-Wife are seeking to terminate their marriage, and each element in the action remains contested. As the marital realty (where the parties lived during the coverture of the marriage) is titled to Third-Party Defendant-Husband's sister, and the Defendant is asserting a claim in full or part in the same, the realty may be subject to a determination/valuation under R.C. §3105.171, and is before the Court. Thus, Husband's sister has been named a party to the action. This Court will not address the various tort claims of the parties, and as a Court of Equity, will not conduct a Jury Trial. Nor will the Court continue to address or consider further pleading issues.

The undersigned finds that the Court has a sufficient understanding and notice of the issues and claims for adjudication, and the parties, by any stretch of legal analysis, should also possess a sufficient understanding. The Court Denies and Overrules the various Pleadings, Requests for Dismissal/Summary Judgment, Leave to File, Jury Trial Request, etc. – *En Banc.*

(Dec. 19, 2017 Judgment Entry).

{¶18} On December 26, 2017, Sister filed a motion for clarification of the trial court's December 19, 2017 judgment entry.

{¶19} Wife filed a second amended answer, counterclaim, and third-party complaint on December 27, 2017. As to Sister, Wife brought a claim of fraud and unjust enrichment as to the transfer of the marital home.

{¶20} The parties filed multiple motions for the trial court's consideration before the matter went to trial on January 17, 2018. The trial was held over a span of 18 days. Six attorneys and two certified court interpreters were present at the trial. The trial court heard the testimony of the parties, two economic experts, one vocational expert, various witnesses regarding the real estate, and witnesses regarding the Valcon Consulting Group, LLC. The parties submitted numerous binders filled with exhibits.

{¶21} On January 30, 2018, the trial court filed a judgment entry regarding stipulations of fact entered into by the parties. The stipulations included documents related to the purchase and transfer of the marital home.

{¶22} On December 27, 2018, the trial court issued its Final Judgment for Divorce with Children and its judgment entry on the Amended Third-Party Complaint and

Counterclaim. The trial court determined the evidence demonstrated the marital home was marital property and Sister was unjustly enriched when Husband engaged in financial misconduct by transferring the home to Sister. The trial court voided the transfer of the marital home to Sister and ordered the marital home sold by a receiver. Upon the sale of the home, Husband was to pay Wife $80,000 for expense money as a portion of Wife's attorney and expert fees due to Husband's financial misconduct. Sister was to be paid $30,000 from the gross proceeds of the sale for her balance of her loan and an amount equal to real estate taxes actually paid to her to the Delaware County Treasurer.

{¶23} On January 3, 2019, Sister filed a request for findings of fact and conclusions of law. The trial court denied the request by judgment entry filed on January 17, 2019.

{¶24} Sister filed her notice of appeal of the trial court's judgments on January 25, 2019. No stay was granted during the appeal of the trial court's judgment entries and the record shows the receiver has moved forward with the sale of the marital home

{¶25} The pertinent parts of the decision and any additional facts will be addressed under each of the corresponding Assignments of Error.

## ASSIGNMENTS OF ERROR

{¶26} Sister raises seven Assignments of Error:

{¶27} "I. THE TRIAL COURT ERRED AS A MATTER OF LAW AND EXCEEDED ITS SUBJECT MATTER JURISDICTION IN VOIDING THE TITLE TRANSFER OF THE 10350 WIDDINGTON CLOSE PROPERTY TO BOUCHRA, IMPOSING A CONSTRUCTIVE TRUST, AND RULING ON ALL CLAIMS AGAINST BOUCHRA AS THESE DETERMINE COLLATERAL CLAIMS AND THE RIGHTS OF A THIRD PARTY.

{¶28} "II. [SIC] TRIAL COURT ABUSED ITS DISCRETION AND ERRED AS A MATTER OF LAW WHEN IT DENIED APPELLANT'S MOTION FOR LEAVE TO FILE SUMMARY JUDGMENT WHICH RAISED THE ISSUE OF SUBJECT MATTER JURISDICTION OF THE COURT TO HEAR AND DETERMINE A COLLATERAL CLAIM AND THIRD PARTY RIGHTS.

{¶29} "III. THE TRIAL COURT ERRED AS A MATER OF LAW, ABUSED ITS DISCRETION, ITS FINDINGS OF THE ELEMENTS WERE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE THAT BOUCHRA WAS UNJUSTLY ENRICHED AND IN GRANTING JUDGMENT TO LINA ON HER UNJUST ENRICHMENT CLAIM AND IN DETERMINING THE REMEDY.

{¶30} "IV. THE TRIAL COURT ERRED IN DENYING BOUCHRA'S COUNTERCLAIMS AGAINST LINA 'UNDER THE TOTALITY OF THE CIRCUMSTANCES' AND BASED ON THE FINDING OF 'UNJUST ENRICHMENT.'

{¶31} "V. THE TRIAL COURT ERRED AS A MATTER OF LAW, VIOLATED THE PAROL EVIDENCE RULE, AND ITS FINDINGS WERE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE WHEN IT FOUND THAT THERE WAS NOT A SALE TO BOUCHRA, THE SALE TO BOUCHRA WAS A FICTION AND IN THE NATURE OF A LOAN OR FINANCING FOR PART OF THE PURCHASE PRICE.

{¶32} "VI. THE TRIAL COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION WHEN IT DENIED APPELLANT'S RIGHT TO A JURY TRIAL.

{¶33} "VII. THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT DENIED APPELLANT'S MOTIONS TO ACCESS THE PROPERTY PURSUANT TO CIVIL RULE 34 FOR THE PURPOSE OF INSPECTION."

**ANALYSIS**

**I.**

{¶34} Sister contends in her first Assignment of Error that the trial court went beyond its subject matter jurisdiction in the December 27, 2018 judgment entry when it declared the deed transferring the marital home from Husband and Wife to Sister was *void ab initio*, set aside, and held for naught. We disagree.

{¶35} The appellate court reviews "issues relating to subject matter jurisdiction de novo, as such a determination is a matter of law." *T.A. v. R.A.*, 8th Dist. Cuyahoga No. 107166, 2019-Ohio-3179, 2019 WL 3764607, ¶ 17 citing *In re E.G.*, 8th Dist. Cuyahoga No. 98652, 2013-Ohio-495, ¶ 9, citing *In re K.R.J.*, 12th Dist. Clermont No. CA2010-01-012, 2010-Ohio-3953, ¶ 16.

{¶36} R.C. 3105.171(B) requires the trial court to determine what constitutes marital property and what constitutes separate property. There is no dispute the trial court had jurisdiction to determine which of Husband's and Wife's assets were marital or separate property. In this case, the trial court determined the marital home was marital property, purchased in part with marital funds. Sister contends Wife's claims against Sister were collateral matters to the divorce proceeding, such that the trial court lacked jurisdiction to enter judgment against her. We note that Husband and Wife have not objected to the sale of the marital home.

{¶37} R.C. 3105.011 provides:

The court of common pleas including the divisions of courts of domestic relations, has full equitable powers and jurisdiction appropriate to the determination of all domestic relations matters. This section is not a

determination by the general assembly that such equitable powers and jurisdiction do not exist with respect to any such matter.

{¶38} The Eighth District Court of Appeals held, in relevant part, that R.C. 3105.011, "limits the jurisdiction of the domestic relations [court] to the determination of domestic relations matters. Any collateral claims must be brought in a separate action in the appropriate court or division when the claim involves the determination of the rights of a third-party." *Lisboa v. Karner*, 167 Ohio App.3d 359, 2006–Ohio–3024, 855 N.E.2d 136 (8th Dist.). The Eleventh District Court of Appeals, relying upon *Lisboa*, held in *Mitchell v. Mitchell*, 11th Dist. Portage No.2007–P–0023, 2008–Ohio–833, ¶ 63:

> Although the term "domestic relations matter" is not specifically defined in any of the relevant statutes, *Tanagho* [*v. Tanagho*, 10 Dist. Franklin No. 92AP–1190, 1993 WL 50950 (Feb. 23, 1993) ], upon which the court in *Lisboa* relied, held that the determination of "whether [a] property is a * * * marital asset" [is] "within the jurisdiction of the domestic relations court," despite the fact that a third party also was claiming an interest in the property. 1993 Ohio App. LEXIS 1201, at *7, 2003 WL 509501993 Ohio App. LEXIS 1201, at *7, 2003 WL 50950.

{¶39} In Wife's second amended answer, counterclaim, and third-party complaint, Wife argued the marital home was marital property of which she had a marital interest. She argued Sister engaged in fraud and was unjustly enriched when the marital home was transferred to Sister in 2014. Sister does not appeal her joinder in the divorce proceeding. Titled owners of real property, or persons with some purported interest in real property, are necessary and indispensable parties to litigation seeking to divest those

owners of their interest therein. *Young v. Wells*, 4th Dist. Gallia No. 06CA6, 2007-Ohio-4568, 2007 WL 2482626, ¶ 20 citing *Huener v. Huener* (1996), 110 Ohio App.3d 322, 327; *see, also, Congress Lake Club v. Witte*, Stark App. No.2005CA0037, 2006-Ohio-59, ¶¶ 29, 34.

{¶40} In the December 27, 2018 judgment entry, the trial court found that when the marital home was initially deeded into the joint ownership of Husband and Wife, it was marital property. The trial court found it could not establish a value for the marital home based on the evidence presented at trial. It stated:

The real property at issue has a gross appraised value of $720,000.00, less an unspecified amount to make repairs certainly necessary for sale * * *. The only evidence of value of the property * * * was the $720,000.00. Again, this did <u>not</u> (emphasis added) include the cost of repairs obviously required to sell at this price, nor did it include cost to sell. These two unknown deductions (repairs and cost to sell) preclude the undersigned from being able to establish a value to Plaintiff, Defendant, and Third-Party Defendant and to leave "record-title" with Third-Party Defendant, and to provide for a monetary division. The only solution to this inability to determine value is to order the property sold * * *.

(Dec. 27, 2018 Judgment Entry).

{¶41} The trial court further stated:

The undersigned does also find by clear and convincing evidence that the Third-Party Defendant has been unjustly enriched by virtue of the execution and delivery of the Deed from Plaintiff and Defendant to her without

adequate consideration. The Court also finds that the foregoing unjust enrichment is directly a result of Plaintiff's financial misconduct in the marital relationship. He took advantage of the Defendant's English language shortcomings, her lack of familiarity with legal real estate issues, her near exclusion from ongoing involvement in the transaction as evidenced by all emails with the Realtor being with Plaintiff, and transfer of $170,000 ($130,000.00 plus $40,000.00) to Third-Party Defendant prior to the closing and the transfer of $100,000.00 in two $50,000.00 payments subsequent to the closing.

(Dec. 27, 2018 Judgment Entry). The trial court found the evidence presented did not support Wife's claim of fraud against Sister in relation to the transfer of the marital home.

{¶42} In Husband's appeal of the December 27, 2018 Final Judgment for Divorce with Children and Judgment Entry, we found the trial court did not abuse its discretion when it found the marital home was marital property and Husband engaged in financial misconduct when he orchestrated the transfer of the marital home to Sister. (*Salameh v. Salameh*, Case No. 19 CAF 01 0008).

{¶43} Sister contends the trial court was without subject matter jurisdiction to vacate the transfer of the marital home. In support of her argument in this regard, Sister directs this court's attention to our decision in *Shalash v. Shalash*, 5th Dist. Delaware No. 12-CAF-110079, 2013-Ohio-5064. In *Shalash,* the wife filed for divorce against the husband on March 16, 2010. The husband owned a drive-thru beverage business and the wife named the business corporation as a defendant in the divorce complaint. The

wife also served a restraining order upon the husband, restraining him from selling, encumbering, disposing, or in any manner secreting assets of the marriage.

{¶44} On March 23, 2010, the husband sold the corporation to his mother. The husband's mother then created a separate corporation to run the business. On October 8, 2011, the wife filed an amended complaint and named the mother's corporation as a defendant. The trial court found the transaction from the husband to his mother to be a "sham transaction" and the trial court vacated the transaction as part of the divorce decree. The trial court also found the mother's corporation to be a marital asset and ordered mother to transfer the corporation to the wife.

{¶45} On appeal, we found "the trial court had jurisdiction to determine which assets comprised the marital estate because that determination is primarily a domestic relations matter." *Id*. at ¶ 21. Once the trial court found evidence that the husband engaged in financial misconduct by disposing of the business via a sale to his mother, we found the trial court should have either awarded a distributive award or a greater award of marital property pursuant to R.C. 3105.171(E)(4). *Id*. at ¶ 29. We held that ordering the mother to transfer ownership of the business to the wife was an inappropriate extension of the trial court's authority because alternative remedies were available. *Id*.

{¶46} We understand Sister's reliance on *Shalash*; however, under the specific factual and financial circumstances of this case, we find the authority of the Eighth District Court of Appeal's decision in *T.A. v. R.A.*, 8th Dist. Cuyahoga No. 107166, 2019-Ohio-3179, to be on point. In *T.A. v. R.A.*, the husband filed a complaint for divorce and the wife answered, also filing a claim against the husband's brother. Part of the marital estate consisted of two gas stations and the marital home. During the marriage, the husband

granted mortgages on the marital home and one of the gas stations to his brother. The trial court found the husband engaged in financial misconduct based on the mortgages and ordered the brother to release the mortgages on the marital home and gas station. *Id.* at ¶ 19. The brother appealed, arguing the trial court was without jurisdiction to order him to release the mortgages because they were a collateral matter to the divorce. In so arguing, the brother relied upon our decision in *Shalash*.

{¶47} The Eighth District Court of Appeals distinguished the matter from *Shalash*, finding that the trial court did not rescind the transaction. *Id.* at ¶ 25. The husband and the wife had a marital interest in the properties and by releasing the mortgages, the trial court correctly granted the wife a greater award of the marital property under R.C. 3105.171(E)(4). *Id.* at ¶ 33, 34.

{¶48} In this case, the trial court found the marital home was marital property that was purchased with separate funds, marital funds, and funds from Sister. Specifically, the Sister paid $300,000 for the purchase of the marital home, but the trial court traced $130,000 of the $300,000 to Husband. R.C. 3105.171(B) states in pertinent part: " * * * For purposes of this section, the court has jurisdiction over all property, excluding the social security benefits of a spouse other than as set forth in division (F)(9) of this section, in which one or both spouses have an interest."

{¶49} The trial court declared the deed void, but it imposed a constructive trust on the property and ordered the property to be sold by an appointed receiver. Sister has not pointed to this Court to the record to show which party is the owner of the marital home at this time. The trial court ordered that Sister receive $30,000 from the sale of the marital home, based on her investment. We cannot say the trial court abused its discretion in its

decision based on the complicated financial maneuverings between Husband and Sister, the purchase of the marital home being just one example. Sister did not charge Husband rent while he lived in the home. Husband was permitted to keep the real estate tax rebates. It was not until the divorce proceedings that Sister moved to evict Wife from the marital home while she was living in the home with G.S. "A domestic relations court has the power to 'grant complete relief in a matter which is primarily a domestic relations matter.' " *Kell v. Verderber*, 1st Dist. Hamilton No. C-120665, 2013-Ohio-4223, ¶ 20, quoting *In re Dunn*, 101 Ohio App.3d 1, 5, 654 N.E.2d 1303 (12th Dist.1995).

{¶50} Sister's first Assignment of Error is overruled.

**II.**

{¶51} In her second Assignment of Error, Sister contends the trial court abused its discretion when it denied Sister's motion for leave to file summary judgment.

{¶52} On October 13, 2017, Sister filed a motion for leave to move for summary judgment. In her proposed motion for summary judgment, Sister argued she was entitled to judgment as a matter of law because the trial court did not have subject matter jurisdiction over Wife's third-party complaint against Sister. Sister argued in the alternative, if the trial court did have jurisdiction, Wife's claims against Sister were without merit. On December 7, 2017, the trial court denied Sister's motion for leave without explanation.

{¶53} In her argument, Sister does not cite to any law to support her position. It is not the duty of an Ohio appellate court to create arguments for the parties and search the record for evidence to support them. *Colvin v. Colvin*, 5th Dist. Guernsey No. 18 CA 27, 2019-Ohio-2209, 2019 WL 2375394, ¶ 40 citing *Washek v. Washek*, 5th Dist. Fairfield No. 18 CA 22, 2019-Ohio-1504, 2019 WL 1785411, ¶ 21 citing *Sisson v. Ohio Department*

*of Human Services*, 9th Dist. Medina No. 2949–M, 2000 WL 422396. However, Civ.R. 56(A) and (B) provide that if an action has been set for pretrial or trial, parties may move for summary judgment only with leave of court. Absent an abuse of discretion, an appellate court will not reverse a trial court's decision to deny a motion for leave to file summary judgment. *Baker v. Manchi*, 7th Dist. No. 15 MA 0091, 2017-Ohio-730, 86 N.E.3d 118, 2017 WL 823767, ¶ 13 citing *Blatnik v. Avery Dennison Corp.*, 148 Ohio App.3d 494, 774 N.E.2d 282, ¶ 45 (11th Dist.2002) An abuse of discretion means the trial court's decision is unreasonable based upon the record; that the appellate court may have reached a different result is not enough to warrant reversal. *Downie v. Montgomery*, 7th Dist. No. 12 CO 43, 2013-Ohio-5552, 2013 WL 6687239, ¶ 50; *Blatnik*, ¶ 45.

{¶54} Based on the breadth of these acrimonious proceedings, we cannot say the trial court abused its discretion in denying Sister's motion for leave to file summary judgment. There were arguably genuine issues of material fact before the trial court as to the parties' finances and whether the marital home was marital or separate property.

{¶55} Sister's second Assignment of Error is overruled.

**III. and V.**

{¶56} Sister contends in her third Assignment of Error that the trial court erred when it found Sister was unjustly enriched when she took possession of the marital home. We also consider Sister's fifth Assignment of Error that states the trial court violated the parol evidence rule in making its decision that the transaction between the parties was not a sale but a loan.

{¶57} In the December 27, 2018 Judgment Entry, the trial court stated:

The undersigned does not find that Third-Party Defendant committed fraud, however, she would be unjustly enriched if her claim to one-hundred percent (100%) ownership of the marital home was sustained. There was not a sale to Third-Party by Plaintiff and Defendant under the terms of the transfer, but rather the "sale" was a fiction. It was in the nature of a loan or financing for part of the purchase price.

* * *

The property was deeded initially into the joint ownership of the Plaintiff and Defendant and the undersigned finds at that point it was marital property. The undersigned does also find by clear and convincing evidence that the Third-Party Defendant has been unjustly enriched by virtue of the execution and delivery of the Deed from Plaintiff and Defendant to her without adequate consideration. The Court also finds that the foregoing unjust enrichment is directly a result of Plaintiff's financial misconduct in the marital relationship.

{¶58} To establish an unjust enrichment claim, the plaintiff must demonstrate: (1) a benefit conferred by a plaintiff upon a defendant; (2) knowledge by the defendant of the benefit; and (3) retention of the benefit by the defendant under circumstances where it would be unjust to do so without payment. *Mun. Services Corp. v. Hall Community Dev. LLC*, 5th Dist. Tuscarawas No. 2018 AP 12 0042, 2019-Ohio-3079, 2019 WL 3458731, ¶ 25 citing *Robinette v. PNC Bank*, 5th Dist. Licking No. 15-CA-47, 2016-Ohio-767, 2016 WL 771319, ¶ 23 citing *Hambleton v. R.G. Barry Corp.*, 12 Ohio St.3d 179, 183, 465 N.E.2d 1298 (1984). Under Ohio law, unjust enrichment is a claim under quasi-contract

law that arises out of the obligation cast by law upon a person in receipt of benefits that he is not justly entitled to retain. *FedEx Corp. Services, Inc. v. Heat Surge, LLC*, 5th Dist. Stark No. 2018CA00026, 2019-Ohio-217, ¶ 1 citing *Beatley v. Beatley*, 160 Ohio App.3d 600, 2005-Ohio-1846, 828 N.E.2d 180.

{¶59} Sister argues there was an express contract between Husband, Wife, and Sister for the transfer of the marital home to Sister. Initially, Husband, Wife, and Sister made an oral agreement that the original sellers would transfer the marital home to Husband and Wife and then Husband and Wife would transfer the marital home to Sister. To effectuate the first transfer, Sister paid $300,000 and Husband paid approximately $50,000 to the original sellers. On February 20, 2014, Husband, Wife, and Sister signed a "Terms of Transfer" document, which stated as follows:

> Anmar Salameh and Lina Yossef (the "Transferers"), a married couple, agree to transfer the sole title & ownership of the property located in Delaware County at 10350 Widdington Close, Powell, Ohio 43065 * * * to Bouchra S Doumet (the "Transferee"), a married woman, for the purchase price of $0 (zero dollars) immediately following the closing & settlement at Peak Title Agency, LLC. For the Transferers' purchase of said property & parcels on February 28th, 2014.
>
> By signing below, the aforementioned parties agree to the terms set forth in the "Terms of Transfer":

By the terms of the oral agreement and as evidenced by the Terms of Transfer document, Sister paid no additional funds to Husband and Wife for the second transfer.

{¶60} The essential elements of a contract include an offer, acceptance, contractual capacity, consideration (the bargained-for legal benefit and/or detriment), a manifestation of mutual assent, and legality of object and of consideration. *Spectrum Benefit Options, Inc. v. Med. Mut. of Ohio*, 4th Dist. No. 06CA19, 174 Ohio App.3d 29, 2007-Ohio-5562, 880 N.E.2d 926, ¶ 28. "A meeting of the minds as to the essential terms of the contract is a requirement to enforcing the contract." *Id*. citing *Episcopal Retirement Homes, Inc. v. Ohio Dept. of Indus. Relations* (1991), 61 Ohio St.3d 366, 369, 575 N.E.2d 134. Thus, to declare the existence of a contract, the parties must consent to its terms, there must be a meeting of the minds of the parties, and the contract must be definite and certain. *Episcopal Retirement Homes*, 61 Ohio St.3d at 369, 575 N.E.2d 134.

{¶61} The trial court found there was no consideration exchanged between Husband, Wife, and Sister when the marital home was transferred to Sister. "Consideration may consist of either a detriment to the promisee or a benefit to the promisor." *Capital City Financial Group, Inc. v. Mac Const. Inc.*, 5th Dist. No. 02CA-E-01-006, 2002-Ohio-4543, 2002 WL 2016332, ¶ 24 quoting *Brads v. First Baptist Church* (1993), 89 Ohio App.3d 328, 336, 624 N.E.2d 737. "A benefit may consist of some right, interest, or profit accruing to the promisor, while a detriment may consist of some forbearance, loss or responsibility given, suffered or undertaken by the promisee." *Id*. "The benefit or detriment must be something intended by the parties as such; it cannot be something merely incidental to the contract." *Id*.

{¶62} Upon this record, we find there was competent and credible evidence before the trial court to find there was no bargained legal benefit and/or detriment exchanged between Husband, Wife, and Sister for the transfer of the marital home to

Sister. Consideration is a necessary element of an express contract. We find no error for the trial court to examine Wife's claim for unjust enrichment. We further find the evidence supports the trial court's determination that Sister was unjustly enriched by the transfer of the marital home to her name. Wife conferred a benefit upon Sister (and Husband) and Sister (and Husband) retained the benefit without payment to Wife.

{¶63} Wife's third Assignment of Error is overruled.

{¶64} Sister contends in her fifth Assignment of Error that the trial court erred when it determined the sale of the marital home to Sister was a fiction and the nature of a loan. Pursuant to our decision on Sister's first and third Assignments of Error, we find Sister's fifth Assignment of Error to be moot. It is overruled.

**IV.**

{¶65} In her fourth Assignment of Error, Sister argues the trial court erred in denying her claims against Wife. On October 5, 2017, Sister filed a counterclaim for declaratory judgment arguing she was the record title owner of the marital home. She brought claims for ejectment, trespass, and unjust enrichment. Sister stated that Husband and Wife transferred the marital home to Sister by General Warranty Deed. The marital home was then transferred from Sister to a limited liability company, BDMD, LLC, the sole member of which was a trust managed by Sister and her husband.

{¶66} This Court again cites to App.R. 16(A)(7) in reference to Sister's appellate argument. In this Assignment of Error, Sister does not refer this Court to the record or cite any case law or statute to support her claims that the trial court erred in denying her claims of declaratory judgment, ejectment, trespass, and unjust enrichment. It is not the duty of an Ohio appellate court to create arguments for the parties and search the record for

evidence to support them. *Colvin v. Colvin*, 5th Dist. Guernsey No. 18 CA 27, 2019-Ohio-2209, 2019 WL 2375394, ¶ 40 citing *Washek v. Washek*, 5th Dist. Fairfield No. 18 CA 22, 2019-Ohio-1504, 2019 WL 1785411, ¶ 21 citing *Sisson v. Ohio Department of Human Services*, 9th Dist. Medina No. 2949–M, 2000 WL 422396.

{¶67} Sister's fourth Assignment of Error is overruled.

**VI.**

{¶68} Sister argues in her sixth Assignment of Error the trial court erred as a matter of law and abused its discretion when it denied Sister's request for a jury trial. She contends that the Ohio Constitution guarantees the right for a trial by jury in civil cases know to common law. This is a correct statement of law; however, the claims that Sister brought against Wife are more nuanced than her broad statement that she is entitled to a jury trial on her claims. Sister filed a counterclaim for declaratory judgment arguing she was the record title owner of the marital home. She brought claims for ejectment, trespass, and unjust enrichment.

{¶69} If Sister's action is simply one to quiet title, the action is equitable in nature. *McCarley v. O.O. McIntyre Park Dist.*, 4th Dist. Gallia No. 99 CA 07, 2000 WL 203997, *8 (Feb. 11, 2000), citing *McBride v. Murphy* (1924), 111 Ohio St. 443, 447. Equitable actions are traditionally tried by the court, without a jury. *Hiener v. Kelley*, Washington App. No. 98CA7, 1999 WL 595363 (July 23, 1999) citing *Pierce v. Stewart* (1899), 61 Ohio St. 422, paragraph one of the syllabus.

{¶70} The trial court in this case found that Sister's claims were equitable and it was a court of equity; therefore, it denied Sister's demand for a jury trial. Sister has not developed her argument pursuant to App.R. 16(A)(7) that her claims of declaratory

judgment, ejectment, trespass, and unjust enrichment were claims triable by a jury. It is not the duty of an Ohio appellate court to create arguments for the parties and search the record for evidence to support them. *Colvin v. Colvin*, 5th Dist. Guernsey No. 18 CA 27, 2019-Ohio-2209, 2019 WL 2375394, ¶ 40 citing *Washek v. Washek*, 5th Dist. Fairfield No. 18 CA 22, 2019-Ohio-1504, 2019 WL 1785411, ¶ 21 citing *Sisson v. Ohio Department of Human Services*, 9th Dist. Medina No. 2949–M, 2000 WL 422396.

{¶71} Sister's sixth Assignment of Error is overruled.

**VII.**

{¶72} In her final Assignment of Error, Sister argues the trial court abused its discretion when it denied her discovery motion to permit her and her real estate appraiser access to the marital home. We disagree.

{¶73} Sister filed multiple motions to compel discovery from Wife regarding entry and inspection of the marital home. Wife responded to the motions. On December 7, 2017, the trial court denied Sister's motion to enter the home because Wife had arranged for a real estate appraiser to enter the property for an appraisal, including appropriate photographs. The trial court noted that Wife's real estate appraiser was the same person as suggested by Sister.

{¶74} In the regulation of discovery, the trial court has discretionary power and its decisions will not be overturned absent an abuse of that discretion. *Cooley v. Hartland*, 5th Dist. Licking No. 14-CA-51, 2014-Ohio-5452, 2014 WL 7004760, ¶ 13 citing *Mauzy v. Kelly Servs., Inc.*, 75 Ohio St.3d 578, 592, 664 N.E.2d 1272 (1996); *State ex rel. Daggett v. Gessaman*, 34 Ohio St.2d 55, 57, 295 N.E.2d 659 (1973). An appellate court reviews a claimed error relating to a discovery matter under an abuse-of-discretion standard.

*Lightbody v. Rust*, 137 Ohio App.3d 658, 663, 739 N.E.2d 840 (8th Dist.2000); *Trangle v. Rojas*, 150 Ohio App.3d 549, 782 N.E.2d 617, 2002–Ohio–6510 (8th Dist.). Under this standard, reversal is warranted only where the trial court's attitude was arbitrary, unreasonable or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶75} We find no abuse of discretion for the trial court to deny Sister's motion to enter the marital home for discovery purposes. It appeared from the record that Wife had also arranged for a real estate appraiser to inspect the marital home.

{¶76} Sister's seventh Assignment of Error is overruled.

## CONCLUSION

{¶77} The judgment of the Delaware County Court of Common Pleas, Domestic Relations Division is affirmed.

By: Delaney, P.J.,

Baldwin, J. and

Wise, Earle, J., concur.