[Cite as *In re Robert J. Pond Living Trust*, 2022-Ohio-4301.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| IN RE: | : | JUDGES: |
| | : | Hon. Earle E. Wise, Jr., P.J. |
| ROBERT J. POND LIVING TRUST | : | Hon. W. Scott Gwin, J. |
| | : | Hon. Patricia A. Delaney, J. |
| | : | |
| | : | |
| | : | |
| | : | Case No. 22 CAF 06 0046 |
| | : | |
| | : | O P I N I O N |

CHARACTER OF PROCEEDING:          Appeal from the Court of Common
                                 Pleas, Probate Division, Case No.
                                 2105 0646 PCI

JUDGMENT:                        Affirmed

DATE OF JUDGMENT:                December 2, 2022

APPEARANCES:

For Appellant                    For Appellee

DAVID POND, PRO SE               ADRIANN MCGEE
5952 Nike Drive                  MARY KRAFT
Hilliard, OH  43026              200 Civic Center Drive
                                 Suite 800
                                 Columbus, OH  43215

*Wise, Earle, P.J.*

{¶ 1}   Appellant, David Pond, appeals the May 16, 2022 judgment entry of the Court of Common Pleas of Delaware County, Ohio, Probate Division, overruling his objections and adopting the magistrate's July 9, 2021 decision.  Appellee is Adriann McGee, Guardian of the Estate of Mary Ann Pond.

## FACTS AND PROCEDURAL HISTORY

{¶ 2}   Appellee is the guardian of the estate of Mary Ann Pond.  Nickolas McCoy is the guardian of her person.  Appellant is Ms. Pond's son.  Ms. Pond is the lifetime sole beneficiary of her husband's trust, the Robert J. Pond Living Trust dated August 11, 2000, and the named successor trustee upon his death.  Robert Pond passed away on September 5, 2012, and Ms. Pond was appointed as the sole successor trustee of Robert's trust.  Pursuant to a second amendment to Robert's trust, dated April 16, 2007, in the event Ms. Pond was unwilling or unable to serve, additional successor trustees were listed as appellant herein, Sam G. Tornik, Jeffrey Sherman, and John J. Rinehart, in that order.

{¶ 3}   Following Robert's death, on January 4, 2013, Ms. Pond replaced all initial trustees and named herself and appellant as co-trustees.  On June 26, 2015, Ms. Pond removed appellant as a co-trustee.  Ms. Pond was adjudicated incompetent on March 22, 2021, and appellant became the successor trustee of Robert's trust pursuant to the language of the trust.

{¶ 4}   On May 13, 2021, appellee filed a petition to invoke the jurisdiction of the probate court over the trust and appoint a corporate trustee pursuant to the language of the trust.  A hearing before a magistrate was held on June 9, 2021. By decision filed July 9, 2022, the magistrate found by operation of the trust document, appellant was in fact

the successor trustee, and appellee may, on behalf of Ms. Pond, apply to the probate court to remove appellant as trustee, make demands for principal and income distributions from the trust, and exercise Ms. Pond's rights in the trust. The magistrate set the matter for further hearing. A second hearing was held on July 28, 2021.

{¶ 5} On August 5, 2021, appellant filed objections to the magistrate's June 9, 2021 decision. Appellant argued the magistrate failed to consider and/or incorrectly interpreted provisions of the trust, specifically, Article 6, Section 4, and Article 9, Section 2. Following an unsuccessful mediation, the trial court reviewed the objections. By judgment entry filed May 16, 2022, the trial court overruled the objections and adopted the magistrate's decision.

{¶ 6} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:

I

{¶ 7} THE PROBATE COURT ERRED AND ABUSED ITS DISCRETION WHEN IT ALLOWED CONTROL OVER AN IRREVOCABLE TRUST TO A GUARDIAN WHEN THAT TYPE OF CONTROL OVER AN IRREVOCABLE TRUST WOULD NOT BE AVAILABLE TO THE WARD THE GUARDIAN IS REPRESENTING."

II

{¶ 8} "THE PROBATE COURT ERRED AND ABUSED ITS DISCRETION TRYING TO DETERMINE THE INTENT OF ROBERT J. POND THROUGH A TRUST THAT WAS PENNED BY AN ATTORNEY, AND NOT BY ROBERT J. POND HIMSELF, THAT THE ONLY TRUE MANNER OF DETERMINING THE INTENT OF ROBERT J. POND IN HIS TRUST IS TO LOOK AT THE GLOBAL ENTIRETY OF THE TRUST DOCUMENT, OR SIMPLY TALK TO THE SUCCESSOR TRUSTEE OF THE TRUST,

THE SOLE HEIR OF THE TRUST TO DETERMINE THE INTENT OF ROBERT J. POND."

### III

{¶ 9}   "THE PROBATE COURT ERRED AND ABUSED ITS DISCRETION WHEN IT FAILED TO DETERMINE THE RIGHTS RESERVED BY SPECIFIC INDIVIDUALS UNDER SECTION 9 OF THE TRUST DOCUMENT."

### IV

{¶ 10} "THE PROBATE COURT ERRED AND ABUSED ITS DISCRETION WHEN IT ALLOWED A GUARDIAN, WHO WAS ONLY INTERIM AT THE TIME, FILE AGAINST THIS TRUST TO MAKE SUCH A DRASTIC AND PERMANENT CHANGE TO A WARD'S ESTATE PLAN PURSUANT TO ITS AUTHORITY UNDER R.C. 2111.50."

### V

{¶ 11} "THE PROBATE COURT ERRED AND ABUSED ITS DISCRETION BY AMENDING THE TRUST WHEN THERE WAS NOT GOOD CAUSE TO AMEND THE IRREVOCABLE TRUST.   ATTORNEY MCGEE AT BEST HAS CREDIBILITY PROBLEMS WITHIN THE PROBATE COURT."

### VI

{¶ 12} "THE PROBATE COURT ERRED AND ABUSED ITS DISCRETION AT GIVING GUARDIAN OF THE ESTATE POWER TO CHANGE AN IRREVOCABLE TRUST BECAUSE THE TRUST DOES NOT AUTHORIZE THE GUARDIAN OF AN INCOME BENEFICIARY TO EXERCISE A BENEFICIARY'S RIGHTS UNDER THE TRUST."

VII

{¶ 13} "THE PROBATE COURT ERRED AND ABUSED ITS DISCRETION BY IGNORING SECTION 15 OF THE TRUST DOCUMENT TITLED PROVISION AGAINST ALIENATION."

VIII

{¶ 14} "THE PROBATE COURT ERRED AND ABUSED ITS DISCRETION BY IGNORING SECTION ELEVEN OF THE TRUST DOCUMENT."

STANDARD OF REVIEW

{¶ 15} As stated by the Supreme Court of Ohio in *Arnott v. Arnott,* 132 Ohio St.3d 401, 2012-Ohio-3208, 972 N.E.2d 586, ¶ 14:

The determination of the meaning of the disputed language of the trust at the heart of this case is a question of law.  "A court's purpose in interpreting a trust is to effectuate, within the legal parameters established by a court or by statute, the settlor's intent." *Domo v. McCarthy,* 66 Ohio St.3d 312, 612 N.E.2d 706 (1993), paragraph one of the syllabus. Interpreting a trust is akin to interpreting a contract; as with trusts, the role of courts in interpreting contracts is "to ascertain and give effect to the intent of the parties." *Saunders v. Mortensen,* 101 Ohio St.3d 86, 2004-Ohio-24, 801 N.E.2d 452, ¶ 9.  This court has held that "[t]he construction of a written contract is a matter of law that we review de novo." *Id.*  The same is true of the construction of a written trust; in both *In re Trust of Brooke,* 82 Ohio St.3d 553, 697 N.E.2d 191 (1998), and *Natl. City Bank v. Beyer,* 89 Ohio

St.3d 152, 729 N.E.2d 711 (2000), this court applied a de novo standard of review in interpreting trust language in appeals of declaratory judgments.

{¶ 16} This appeal is based on a magistrate's decision. Civ.R. 53 governs magistrates. Subsection (D)(3)(b)(iv) states the following:

> Waiver of Right to Assign Adoption by Court as Error on Appeal. Except for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party has objected to that finding or conclusion as required by Civ.R. 53(D)(3)(b).

{¶ 17} As explained by the Supreme Court of Ohio in *Goldfuss v. Davidson,* 79 Ohio St.3d 116, 679 N.E.2d 1099, syllabus:

> In appeals of civil cases, the plain error doctrine is not favored and may be applied only in the extremely rare case involving exceptional circumstances where error, to which no objection was made at the trial court, seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself.

{¶ 18} We will address the assignments of error under a de novo standard of review, and a plain error standard where applicable.

I

{¶ 19} In his first assignment of error, appellant claims the trial court erred and abused its discretion when it allowed control over an irrevocable trust to a guardian when that type of control over an irrevocable trust would not be available to the ward the guardian is representing even if the ward was not disabled. We disagree.

{¶ 20} Appellant did not raise this argument during the hearing or in his objections to the magistrate's decision; therefore, a plain error review applies.

{¶ 21} In his appellate brief at 1, appellant argues if Ms. Pond could not petition the court to obtain the control the guardian is requesting of an irrevocable trust, then the guardian cannot obtain this level of control over the irrevocable trust. Appellant does not specify the "control" the guardian is requesting. Appellant argues if Ms. Pond was not disabled and asked the court for the same type of control "without citing a good cause likely would not be able to make the changes to the trust document that the guardian in this matter is trying to make."

{¶ 22} In our review of the trust document, nowhere does it state Ms. Pond must cite "good cause" to remove a trustee and/or make demands for principal and income distributions from the trust. In fact, Article 9, Section 2 ("The Removal of a Trustee"), subsection d ("Notice of Removal"), specifically states: "Neither I, my spouse, nor any of my beneficiaries, need give any Trustee being removed any reason, cause, or ground for such removal."

{¶ 23} Upon review, we do not find any plain error regarding this argument.

{¶ 24} Assignment of Error I is denied.

II

{¶ 25} In his second assignment of error, appellant claims the trial court erred and abused its discretion trying to determine the intent of Robert J. Pond through a trust that was penned by an attorney and not by Robert J. Pond himself. We disagree.

{¶ 26} Appellant did not raise this argument during the hearing or in his objections to the magistrate's decision; therefore, a plain error review applies.

{¶ 27} In his appellate brief at 1-2, appellant argues the trial court should not have interpreted a trust document penned by an attorney, but instead should have determined intent through "the global entirety" of the trust document or simply talk to the successor trustee, appellant himself.

{¶ 28} In its May 16, 2022 judgment entry, the trial court looked to "the global entirety" of the trust document and specifically found the language therein shows the "settlor's intent here was to empower and protect Ms. Pond. Given that intent any ambiguity that exists should be resolved in Ms. Pond's favor." A hearing before a magistrate was held on June 9, 2021. Appellant appeared with his counsel. Appellant had the opportunity to provide testimony, but did not do so. T. at 28.

{¶ 29} Upon review, we do not find any plain error regarding this argument.

{¶ 30} Assignment of Error II is denied.

III

{¶ 31} In his third assignment of error, appellant claims the trial court erred and abused its discretion when it failed to determine the rights reserved by specific individuals under Section 9 of the trust document. We disagree.

{¶ 32} The provision appellant is referring to is Article 9, Section 2, which is titled "The Removal of a Trustee" and states the following in part:

I, my spouse, my children, or my other beneficiaries may remove any Trustee as follows:

**a. Removal by Me**

I reserve the right to remove any Trustee at any time.

**b. Removal by My Spouse**

After my death, or during any period that I am disabled, my spouse may remove any Trustee.

**c. Removal by My Other Beneficiaries**

After the death or disability of both my spouse, and me a majority of the beneficiaries then eligible to receive mandatory or discretionary distributions of net income under this agreement may remove any trustee.

{¶ 33} In his objections to the trial court filed August 5, 2021, appellant argued subsection c was inapplicable to Ms. Pond because she fell under subsection b, the more specific provision referring to Ms. Pond as spouse. In his appellate brief at 6, appellant argues subsection c applies due to the death of Robert and the disability of Ms. Pond.

{¶ 34} In its May 16, 2022 judgment entry, the trial court found under subsection c, "[a]s long as Ms. Pond is the majority of beneficiaries eligible to receive distributions of net income pursuant to the Trust she has the power to remove any trustee. The Guardian of Ms. Pond's Estate may apply to the Court for authority to exercise that power on Ms. Pond's behalf." We agree. Appellant is not a beneficiary eligible to receive distributions at this time because Ms. Pond is the current beneficiary. As such, Ms. Pond has the

power to remove any trustee under subsection c, as well as under subsection b. As found by the trial court, Article 9 does not contain any limiting language terminating all authority to remove trustees upon Ms. Pond's disability. To read such a limitation into the plain language of the trust document "would seem to go in the opposite direction of the settlor's general intent embraced in the document as a whole."

{¶ 35} Upon review, we find the trial court did not err nor abuse its discretion as argued under this assignment of error.

{¶ 36} Assignment of Error III is denied.

IV

{¶ 37} In his fourth assignment of error, appellant claims the trial court erred and abused its discretion when it allowed a guardian, who was only interim at the time, file against this trust to make such a drastic and permanent change to a ward's estate plan pursuant to its authority under R. C. 2111.50. We disagree.

{¶ 38} Appellant did not raise this argument during the hearing or in his objections to the magistrate's decision; therefore, a plain error review applies.

{¶ 39} Appellee was named guardian over Ms. Pond's estate on March 22, 2021. She was not named "interim" guardian. Appellee filed the petition on Ms. Pond's behalf on May 13, 2021, under her authority as Ms. Pond's guardian. Furthermore, the changes sought by appellee do not constitute "drastic and permanent change" to the estate plan. Appellee seeks to exercise Ms. Pond's authority to remove appellant as trustee.

{¶ 40} Upon review, we do not find any plain error regarding this argument.

{¶ 41} Assignment of Error IV is denied.

V

{¶ 42} In his fifth assignment of error, appellant claims the trial court erred and abused its discretion by amending the trust when there was not good cause to amend the irrevocable trust.  We disagree.

{¶ 43} Appellant did not raise this argument during the hearing or in his objections to the magistrate's decision; therefore, a plain error review applies.

{¶ 44} The trust has not been amended and appellee is not seeking to amend the trust.  She is seeking to exercise Ms. Pond's rights as provided by the trust document. Further, as discussed under Assignment of Error I, nowhere does it state Ms. Pond must cite "good cause" to remove a trustee and/or make demands for principal and income distributions from the trust.

{¶ 45} Upon review, we do not find any plain error regarding this argument.

{¶ 46} Assignment of Error V is denied.

VI

{¶ 47} In his sixth assignment of error, appellant claims the trial court erred and abused its discretion at giving guardian of the estate power to change an irrevocable trust because the trust does not authorize the guardian of an income beneficiary to exercise a beneficiary's rights under the trust.  We disagree.

{¶ 48} Again, the guardian is not seeking to change the trust, but to exercise Ms. Pond's rights as provided by the trust document.

{¶ 49} In his appellate brief at 10-11, appellant cites Article 6 of the trust document and argues "the sole right to exercise the general power of appointment * * * is not reserved for a Guardian, nor anyone other than Mary Ann Pond * * * though the right of

the spouse is limited when she becomes disabled." Article 6 is titled "The Family Trust." Section 4 states the following in part:

> If my spouse has the power to remove a Trustee of this Family Trust, my Trustee shall not distribute any of the principal of the Family Trust that would in any manner discharge my spouse's legal obligation to a beneficiary of the Family Trust. *If my spouse is disabled, my Trustee shall ignore this restriction during the period of my spouse's disability, and my spouse shall not have the power to remove a Trustee of the Family Trust.* (Emphasis added.)

{¶ 50} In its May 16, 2022 judgment entry, the trial court found Article 6, Section 4, to be inapplicable as it pertains to a "Family Trust" and a Family Trust was never created per the terms of the trust document. We agree. Said section applies to a Family Trust which was never created and therefore is not applicable to the facts in this case.

{¶ 51} Upon review, we find the trial court did not err nor abuse its discretion as argued under this assignment of error.

{¶ 52} Assignment of Error VI is denied.

VII

{¶ 53} In his seventh assignment of error, appellant claims the trial court erred and abused its discretion by ignoring Section 15 of the trust document. We disagree.

{¶ 54} Appellant did not raise this argument during the hearing or in his objections to the magistrate's decision; therefore, a plain error review applies.

{¶ 55} Article 10, Section 15, is titled "Provisions Against Alienation" and states the following in part:

Except as hereinafter provided, no right or interest of any beneficiary of this Trust shall, without the prior written consent of, or an act authorized by, my Trustee, be subject to any assignment, alienation, pledge, encumbrance, claim of a creditor (including a spouse or divorced spouse), attachment, judgment, levy, execution, bankruptcy proceeding, or any other legal or equitable process. If for any, reason, without the prior written consent of, or an act authorized by my Trustee, any such beneficiary attempts to assign, alienate, pledge, or encumber his or her interest hereunder or any such interest would, but for this provision, vest in or be enjoyed by any other person or any firm, corporation, or other entity, then the rights and interest of such beneficiary herein shall cease and terminate, but thereafter my Trustee shall pay to or for the benefit of such beneficiary or any other person dependent upon such beneficiary so much of the net income and/or principal from such beneficiary's Trust as my Trustee, in its absolute discretion, shall deem proper for each such individual's health, support, maintenance, and education.

{¶ 56} After reviewing this section, we find appellant's arguments herein lack merit. Appellee is not attempting to do any of these things with Ms. Pond's interests in the trust.

{¶ 57} Upon review, we do not find any plain error regarding this argument.

{¶ 58} Assignment of Error VII is denied.

VIII

{¶ 59} In his eighth assignment of error, appellant claims the trial court erred and abused its discretion by ignoring Section 11 of the trust document.  We disagree.

{¶ 60} Appellant did not raise this argument during the hearing or in his objections to the magistrate's decision; therefore, a plain error review applies.

{¶ 61} Article 11, Section 2, is titled "Powers to Be Exercised in the Best Interests of the Beneficiaries" and states in part: "My Trustee shall exercise the following administrative and investment powers without the order of any court, as my Trustee determines in its sole and absolute discretion to be in the best interests of the beneficiaries."

{¶ 62} In his appellate brief at 13, appellant argues appellee did not give the trial court "reason or good cause as to why she wanted to change the trust document from Dr. David Pond as the successor trustee, and absent this good cause, the court should not change an irrevocable trust."  Once again, nowhere does it state Ms. Pond must cite "good cause" to remove a trustee and/or make demands for principal and income distributions from the trust.

{¶ 63} Upon review, we do not find any plain error regarding this argument.

{¶ 64} Assignment of Error VIII is denied.

{¶ 65} The judgment of the Court of Common Pleas of Delaware County, Ohio, Probate Division, is hereby affirmed.

By Wise, Earle, P.J.

Gwin, J. and

Delaney, J. concur.


EEW/db

[Cite as *In re Robert J. Pond Living Trust*, 2022-Ohio-4301.]