[Cite as *McGee v. Pond*, 2024-Ohio-2225.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| ADRIANN MCGEE, GUARDIAN | : | JUDGES: |
| | : | |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellee | : | Hon. William B. Hoffman, J. |
| | : | Hon. John W. Wise, J. |
| -vs- | : | |
| | : | Case No. 23 CAE 11 0096 |
| | : | |
| DAVID POND | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Appeal from the Delaware County Court
of Common Pleas, Case No. 22 CV H
11 0619

JUDGMENT:     AFFIRMED

DATE OF JUDGMENT ENTRY:     June 10, 2024

APPEARANCES:

For Plaintiff-Appellee:                          For Defendant-Appellant:

ADRIANN MCGEE                              DAVID POND, PRO SE
MARY KRAFT                                     5952 Nike Dr.
200 Civic Center Dr., Suite 800          Hilliard, OH 43026
Columbus, OH 43215

*Delaney, P.J.*

{¶1} Defendant-Appellant David Pond appeals the October 13, 2023 judgment entry of the Delaware Court of Common Pleas declaring him a vexatious litigator. Plaintiff-Appellee is Adriann McGee, Guardian of the Estate of Mary Ann Pond.

## FACTS AND PROCEDURAL HISTORY

### Guardian of the Estate for Mary Ann Pond

{¶2} Defendant-Appellant David Pond is the adult child of Mary Ann Pond. On February 18, 2021, the Delaware County Department of Job and Family Services filed an application for the appointment of guardian of alleged incompetent Mary Ann Pond with the Delaware County Court of Common Pleas, Probate Division (Case No. 2102 0198 PGU). After an evidentiary hearing, on March 22, 2021, the magistrate declared Mary Ann Pond incompetent and found it was in her best interest to have a guardian of the person and the estate. The magistrate appointed Nikolas McCoy as the Guardian of the Person and Plaintiff-Appellee Adriann McGee as the Guardian of the Estate. We affirmed the probate court's judgment as to the appointment of guardians in *Matter of Guardianship of Pond*, 2022-Ohio-4023 (5th Dist.).

{¶3} Since Appellee's appointment as Guardian of the Estate for Mary Ann Pond, Appellant and Appellee have had disputes as to the management of Mary Ann Pond's estate. *See In re Guardianship of Pond*, 2023-Ohio-2492 (5th Dist.); *Matter of Guardianship of Pond*, 2023-Ohio-2190 (5th Dist.); *In re Robert J. Pond Living Trust*, 2022-Ohio-4301 (5th Dist.); and *Matter of Guardianship of Pond*, 2022-Ohio-4023 (5th Dist.). Appellant has appeared pro se in all of the court proceedings.

**Vexatious Litigator Proceedings**

{¶4} On November 29, 2022, Appellee, as Guardian of the Estate of Mary Ann Pond, filed a complaint on behalf of Mary Ann Pond in the Delaware County Court of Common Pleas, General Division, to declare Appellant a vexatious litigator as defined by R.C. 2323.52. In Appellee's complaint, she alleged that Appellant had "purposefully, willfully, and habitually harassed Plaintiff with relentless, exuberant filings and communications, with the purpose to maliciously injure her and the Guardianship." (Complaint ¶ 5). In support of her complaint, Appellee provided a history of Appellant's allegedly vexatious conduct in other Ohio civil litigation, some unrelated to the Estate of Mary Ann Pond. Appellee requested that the trial court declare Appellant a vexatious litigator, issue an injunction against Appellant from instituting or continuing any legal proceedings without leave of court, and award Appellee costs and attorney's fees.

**Appellant's First Motion to Dismiss**

{¶5} On January 3, 2023, Appellant filed a motion to dismiss the complaint pursuant to Civ.R. 12(B)(1) through (6). In his motion, Appellant argued the complaint should be dismissed because the trial court lacked subject matter jurisdiction; the trial court did not have personal jurisdiction because Appellant and Appellee were residents of Franklin County; the Delaware County Probate Court was the proper venue because Appellee brought the action in her capacity as Guardian of the Mary Ann Pond Estate; Appellant was not properly served; and Appellee failed to show injury. Appellee filed a response to the motion on January 9, 2023.

{¶6} On January 20, 2023, Appellant filed a reply to the motion to dismiss, to which Appellee filed a motion to strike on the basis that the reply was untimely and not

made with leave of court. Appellant answered Appellee with a motion to strike *all* pleadings filed by Appellee. Appellee filed a response to the motion to strike and filed a motion for sanctions based on R.C. 2323.51 and Civ.R. 11. On February 9, 2023, Appellant filed "Defendant's further motion to strike all filings from McGee and terminate lawsuit." Appellee requested an extension to file a response to the February 9, 2023 motion, to which Appellant filed another motion to strike. The trial court denied Appellant's two motions to strike on April 21, 2023.

{¶7} While the first motion to dismiss was pending before the trial court, Appellant filed "Defendant's motion for judge to fill out potential conflict of interest questionnaire" on March 6, 2023. Appellant provided the trial court with ten questions to answer regarding the judge's potential bias in the case. The trial court denied the motion on August 3, 2023, for failing to comply with the statutory procedures for disqualifying a judge.

{¶8} On March 9, 2023, the trial court issued its judgment entry denying Appellant's first motion to dismiss. The trial court found that it had subject matter jurisdiction over Appellee's complaint and venue was proper in Delaware County because Appellee alleged Appellant engaged in vexatious conduct in the Delaware County Court of Common Pleas, Probate Division. The record showed that Appellant was served with the complaint by certified mail on December 2, 2022, with return receipt being returned on December 8, 2022. As to whether Appellee had failed to state a claim upon which relief could be granted, the trial court found Appellee's complaint alleged facts that if proven, could entitle her to relief as considered under R.C. 2323.52.

{¶9}   On April 6, 2023, Appellant filed a notice of appeal of the trial court's March 9, 2023 judgment. This Court dismissed Appellant's appeal of the March 9, 2023 judgment entry for lack of a final, appealable order.

**Appellant's Second Motion to Dismiss**

{¶10}   On February 23, 2023, Appellee filed an application in the Delaware County Probate Court for approval to pursue the complaint on behalf of the ward, Mary Ann Pond. By judgment entry filed March 6, 2023, the probate court granted the application and gave Appellee approval to litigate her complaint to declare Appellant a vexatious litigator as described in the application. Appellant appealed the probate court's decision in *Matter of Guardianship of Pond*, 2023-Ohio-2190 (5th Dist.). We found the February 23, 2023 judgment entry was not a final appealable order and dismissed the appeal for lack of jurisdiction. *Id.* at ¶ 27.

{¶11}   On March 10, 2023, Appellant filed a second motion to dismiss Appellee's complaint pursuant to Civ.R. 41(B)(1). Appellant alleged that Appellee failed to serve Appellant with the Application to Commence Legal Proceedings for Ward, which was filed in the Delaware County Court of Common Pleas, Probate Division, in the guardianship administration for Mary Ann Pond. Appellee filed a response on March 14, 2023. On April 21, 2023, the trial court denied Appellant's second motion to dismiss. The trial court found that Appellee's actions in the guardianship action did not affect Appellee's complaint to declare Appellant a vexatious litigator and was not a basis for a dismissal of the complaint pursuant to Civ.R. 41(B)(1).

**Counterclaim**

{¶12} On April 6, 2023, Appellant filed a counterclaim against Appellee and the law firm of Reminger Co., LPA, alleging a claim of malicious prosecution. Appellant also filed an answer to Appellee's complaint. Appellee moved to dismiss Appellant's counterclaim, or in the alternative, for a more definite statement. The parties then exchanged responses, replies, sur-replies, and motions to strike. One of the issues Appellee raised is that Appellant was not serving her with his filings. Appellant argued he was unable to sign up for e-filing with the Delaware County Clerk of Courts. On August 3, 2023, the trial court granted Appellee's motion to dismiss Appellant's counterclaim for malicious prosecution.

**Discovery**

{¶13} While Appellant's second Motion to Dismiss was pending before the trial court, Appellant filed a notice that it had served a discovery request upon Appellee. The certificate of service stated:

> I certify that the Above was sent by the courts electronic notification service
>
> or email/ordinary U.S. mail to Adrian Mcgee in her office 200 civil Center
>
> Drive Suite 800, 43015 on April 19th, 2023.

{¶14} Appellee requested a status conference before the trial court, to which Appellant filed a motion to strike. On June 5, 2023, the trial court denied the motion for status conference and the motion to strike. The trial court also found that Appellant was in fact a registered e-filer with the Delaware County Clerk of Courts, attaching an exhibit of the same, and ordered Appellant to serve copies of all filings, and certify service with each filing, pursuant to Civ.R. 5 or be subject to sanctions.

{¶15} On August 15, 2023, Appellant filed a motion to compel discovery from Appellee. Appellant argued this was the second time that Appellee had failed to comply with court orders, the first time being when she commenced the vexatious litigator complaint without the permission of the Delaware County Probate Court.

## Summary Judgment

{¶16} On August 30, 2023, Appellee filed a motion for summary judgment, arguing there was no genuine issue of material fact that Appellant was a vexatious litigator pursuant to R.C. 2323.52.

{¶17} Appellant filed a response to the motion for summary judgment on September 12, 2023.

## Appellant's Third Motion to Dismiss

{¶18} On September 12, 2023, Appellant filed his third motion to dismiss Appellee's complaint. He argued the trial court should dismiss Appellee's complaint for her failure to comply with his discovery requests.

{¶19} Appellee filed a motion to strike. In her motion, she stated that Appellant had failed to serve her with his third motion to dismiss either by electronic notification service with the Clerk of Courts or by ordinary mail. Appellee became aware of the third motion to dismiss by checking the docket. Appellee also stated that she responded to Appellant's discovery requests on May 24, 2023.

## Declaration of Appellant as a Vexatious Litigator

{¶20} By a nunc pro tunc judgment entry filed on October 13, 2023, the trial court issued multiple judgments on pending motions.

<u>Appellant's Motion to Compel Discovery</u>

{¶21} The trial court first denied Appellant's motion to compel discovery. It found that Appellant did not establish he properly served his discovery requests on Appellee, by ordinary U.S. Mail or electronic notification service. The certificate of service listed the incorrect mailing address for Appellee and Appellant was not using the e-filing service despite being a registered user. Appellant also did not comply with the requirements of Civ.R. 37 and Delaware County Court of Common Pleas Loc.R. 28.02 to certify that he attempted to resolve the matter with Appellee before filing his motion to compel. Finally, Appellee stated that she responded to Appellant's discovery request on May 24, 2023.

<u>Appellee's Motion for Summary Judgment</u>

{¶22} The trial court next analyzed Appellee's motion for summary judgment as to her claim that Appellant was a vexatious litigator, specifically as defined under R.C. 2323.52(A)(3). In support of her motion for summary judgment, the trial court noted Appellee's exhibits:

> To illustrate her allegation, Plaintiff attaches to her motion exhibits consisting of over a thousand pages of court filings in cases involving Defendant. These include Delaware County probate cases and appeals relating to Defendant's mother's guardianship, as well as cases involving Defendant's medical practice business, a tenant at premises belonging to the Robert Pond Trust, a professional tort case against an attorney, Defendant's divorce action, and other matters.

> These filings resemble Defendant's filings in the present matter: in them he raises arguments that have been considered and rejected; issues

personal, unfounded attacks; misstates facts; and attempts to re-litigate matters that are in the jurisdiction of -- and have been addressed by -- the probate court.

(Nunc Pro Tunc Judgment Entry, October 13, 2023).

{¶23} The trial court then examined Appellant's burden under Civ.R. 56 to establish there was a genuine issue of material fact for trial. The trial court found that Appellant raised arguments as to jurisdiction that were previously rejected in his first and second motions to dismiss. The trial court next found that Appellant provided only conclusory statements without any support pursuant to Civ.R. 56(C) as to why Appellee was not entitled to judgment as a matter of law. Appellant claimed that Appellee had committed crimes in connection with her actions as the Guardian of the Estate of Mary Ann Pond, specifically that she stole money out of family trusts. Appellant argued his actions were not the actions of a vexatious litigator, but as a beneficiary attempting to protect his property rights against the criminal and unethical behavior of Appellee. Appellant did not provide any Civ.R. 56 evidence, such as an affidavit, deposition, a police report, or a complaint with the grievance committee of a Bar Association, to support his allegation that Appellee had committed unethical behavior or crimes as the Guardian of the Estate of Mary Ann Pond.

{¶24} Accordingly, the trial court found there was no genuine issue of material fact that Appellant was a vexatious litigator pursuant to R.C. 2323.52 and Appellee was entitled to judgment as a matter of law.

<u>Appellant's Third Motion to Dismiss</u>

{¶25} The trial court denied Appellant's third motion to dismiss on the basis that Appellant failed to comply with the service requirements of the motion to compel and the motion to dismiss.

<u>Appellee's Motion for Sanctions</u>

{¶26} On February 7, 2023, Appellee filed a motion for sanctions based on Appellant's frivolous conduct pursuant to R.C. 2323.51 and Civ.R. 11. Appellant's motion to strike all of Appellee's pleadings was the basis of Appellee's request for sanctions. The trial court found there was an arguable basis for an award of sanctions under R.C. and Civ.R. 11. It set the matter for an evidentiary hearing where attorney's fees would also be considered.

**Appellee's February 7, 2023 Motion for Sanctions**

{¶27} On October 26, 2023, a magistrate conducted the evidentiary hearing on Appellee's motion for sanctions. Appellant did not attend the hearing.

{¶28} By magistrate's decision filed on October 30, 2023, the magistrate recommended that Appellant engaged in frivolous conduct as defined by R.C. 2323.51, as well as violated Civ.R. 11, in filing his January 30, 2023 motion to strike. The magistrate took evidence as to attorney's fees and awarded Appellee $2,700.00 in attorney's fees.

{¶29} The trial court adopted the magistrate's decision on October 30, 2023.

{¶30} Appellant did not file objections to the magistrate's decision.

**Notice of Appeal**

{¶31} On November 13, 2023, Appellant filed a notice of appeal of the trial court's October 13, 2023 judgment entry.

## ASSIGNMENTS OF ERROR

{¶32} Appellant raises six Assignments of Error:

I. JUDGE ERRED WHEN HE DID NOT DISMISS THIS CASE AS THE COMMON PLEAS COURT LACKS JURISDICTION OVER DAVID POND. ADRIANN MCGEE LACKS STANDING BOTH AS AN INDIVIDUAL AND AS A GUARDIAN REPRESENTING EITHER MARY ANN POND, OR THE ESTATE OF MARY ANN POND TO BRING ANY LAWSUIT AGAINST DR. DAVID POND.

II. JUDGE ERRED WHEN HE DID NOT DISMISS THIS CASE AS MCGEE DID NOT FOLLOW COURT RULES AND OBTAIN PRIOR PERMISSION FROM PROBATE BEFORE COMMENCING ANY LITIGATION. THE VISITING PROBATE JUDGE CANNOT VOID SUPREME COURT OF OHIO RULES. FURTHER MCGEE HAS FAILED TO FOLLOW RULES OF CIVIL PROCEDURE IN FAILING TO FOLLOW DISCOVERY IN TWO COURTS ALREADY.

III. THE JUDGE ERRED WHEN HE DID NOT DISMISS THIS LITIGATION DUE TO PLAINTIFF IN THIS MATTER REFUSING TO PROVIDE ANY DISCOVERY IN THIS MATTER, AND THE COURT REFUSING TO COMPEL DISCOVERY FOR PLAINTIFF.

IV. THE JUDGE ERRED WHEN HE DID NOT DISMISS THIS CASE DUE TO THE EXTREME CONFLICT OF INTEREST FOR THIS PROBATE ATTORNEY TO FILE THIS LITIGATION.

V. THE JUDGE ERRED BY NOT READING OR UNDERSTANDING THE

PLAIN ENGLISH DEFINITION OF VEXATIOUS LITIGATION.

VI. THE JUDGE ERRED FOR CONTINUING THIS LITIGATION WHEN

THE JUDGE HIMSELF WAS COMPROMISED.

### ANALYSIS

### I. – IV.

{¶33} In his first, second, third, and fourth Assignments of Error, Appellant contends the trial court erred in denying his first, second, and third motions to dismiss Appellee's complaint. We disagree.

### Standard of Review

{¶34} Our standard of review on a Civil Rule 12(B) motion to dismiss is de novo. *Dover Chemical Corp. v. Dover*, 2022-Ohio-2307, ¶ 32 (5th Dist.) citing *Huntsman v. State*, 2017-Ohio-2622, ¶ 20 (5th Dist.), citing *Greeley v. Miami Valley Maintenance Contractors Inc.*, 49 Ohio St.3d 228, 551 N.E.2d 981 (1990). A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint. *State ex rel. Hanson v. Guernsey County Bd. of Commissioners*, 65 Ohio St.3d 545, 605 N.E.2d 378 (1992). Under a de novo analysis, we must accept all factual allegations of the complaint as true, and all reasonable inferences must be drawn in favor of the nonmoving party. *Byrd v. Faber*, 57 Ohio St.3d 56, 565 N.E.2d 584 (1991). In order to dismiss a complaint pursuant to Civil Rule 12(B)(6), it must appear beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle plaintiff to relief. *York v. Ohio State Highway Patrol*, 60 Ohio St.3d 143, 573 N.E.2d 1063 (1991).

**Appellant's First Motion to Dismiss**

{¶35} In his first motion to dismiss, Appellant argued he was entitled to dismissal of Appellee's complaint pursuant to Civ.R. 12(B)(1) through (6). The rule states as follows:

> Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: (1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person, (3) improper venue, (4) insufficiency of process, (5) insufficiency of service of process, (6) failure to state a claim upon which relief can be granted, * * *.

In its March 9, 2023 judgment entry, the trial court reviewed each of Appellant's arguments under Civ.R. 12(B)(1) through (6). In his appeal, Appellant argues that the trial court lacked subject matter jurisdiction upon Appellant and that Appellee did not have standing to invoke the jurisdiction of the trial court. Upon our de novo review of Appellant's arguments, we agree with the trial court's conclusion that accepting all factual allegations as true and making all reasonable inferences in favor of Appellee, the allegations in the complaint were sufficient to overcome Appellant's first motion to dismiss.

{¶36} Appellant argues that the Delaware County Court of Common Pleas, General Division, lacks subject matter jurisdiction over Appellee's complaint. "Subject-matter jurisdiction refers to the constitutional or statutory power of a court to adjudicate a particular class or type of case." *State v. Harper*, 2020-Ohio-2913, ¶ 23. "'A court's subject-matter jurisdiction is determined without regard to the rights of the individual

parties involved in a particular case.'" *Id.*, quoting *Bank of Am., N.A. v. Kuchta*, 2014-Ohio-4275, ¶ 19. "Rather, the focus is on whether the forum itself is competent to hear the controversy." *Id.* "'Once a tribunal has jurisdiction over both the subject matter of an action and the parties to it, "* * * the right to hear and determine is perfect; and the decision of every question thereafter arising is but the exercise of the jurisdiction thus conferred * * *."'" (Ellipses added in *Pizza*.) *Pratts v. Hurley*, 2004-Ohio-1980, ¶ 12, quoting *State ex rel. Pizza v. Rayford*, 62 Ohio St.3d 382, 384, 582 N.E.2d 992 (1992), quoting *Sheldon's Lessee v. Newton*, 3 Ohio St. 494, 499 (1854).

{¶37} Appellant also argues Appellee did not have standing to bring the complaint. A party has standing to invoke the jurisdiction of the court if she has, in an individual or representative capacity, some real interest in the subject matter of the action. *Youngstown Edn. Assn. v. Kimble*, 2016-Ohio-1481, ¶ 12 (7th Dist.) citing *State ex rel. Dallman v. Court of Common Pleas*, 35 Ohio St.2d 176, 298 N.E.2d 515 (1973), syllabus.

{¶38} R.C. 2323.52(B) describes the process by which a person may seek to have an individual declared a vexatious litigator:

> (B) A person, * * * who has defended against habitual and persistent vexatious conduct in the court of claims or in a court of appeals, court of common pleas, municipal court, or county court may commence a civil action in a court of common pleas with jurisdiction over the person who allegedly engaged in the habitual and persistent vexatious conduct to have that person declared a vexatious litigator. The person, * * * may commence this civil action while the civil action or actions in which the habitual and persistent vexatious conduct occurred are still pending or within one year

after the termination of the civil action or actions in which the habitual and persistent vexatious conduct occurred.

R.C. 2323.52(A)(3) defines a "vexatious litigator" as follows:

"Vexatious litigator" means any person who has habitually, persistently, and without reasonable grounds engaged in vexatious conduct in a civil action or actions, whether in the court of claims or in a court of appeals, court of common pleas, municipal court, or county court, whether the person or another person instituted the civil action or actions, and whether the vexatious conduct was against the same party or against different parties in the civil action or actions. "Vexatious litigator" does not include a person who is authorized to practice law in the courts of this state under the Ohio Supreme Court Rules for the Government of the Bar of Ohio unless that person is representing or has represented self pro se in the civil action or actions. For the purposes of division (A)(3) of this section, "civil action" includes a proceeding under section 2743.75 of the Revised Code.

{¶39} Appellee, as Guardian of the Estate of Mary Ann Pond, filed a complaint with the Delaware County Court of Common Pleas, General Division, to have Appellant declared a vexatious litigator pursuant to R.C. 2323.52. Appellee alleged in her complaint that Appellant engaged in vexatious conduct as described by R.C. 2323.52(A)(3) in the Delaware County Court of Common Pleas, Probate Division, and in other Ohio courts of common pleas, municipal courts, and courts of appeals. Appellee stated in the complaint that she has defended herself and the Estate of Mary Ann Pond against Appellant's alleged vexatious conduct in *In re Guardianship of Mary Ann Pond*, Delaware County

Probate Court, Case No. 21020198PGU; *In re Guardianship of Mary Ann Pond*, Fifth District Court of Appeals, Case No. 22 CAF 06 0045; *In re Robert J. Pond Living Trust dated 8/11/2000*, Delaware County Probate Court, Case No. 21050646PCI; *In re Robert J. Pond Living Trust dated 8/11/2000*, Fifth District Court of Appeals, Case No. 22 CAF 06 0046; and *Adriann McGee, Guardian of the Estate of Mary Ann Pond v. David Pond*, Delaware County Probate Court, Case No. 22101743PCI.

{¶40} Pursuant to the language of R.C. 2323.52(B), we first find that the Delaware County Court of Common Pleas, General Division has subject matter jurisdiction to hear and decide Appellee's complaint upon its merits. Appellant has not cited to this Court any statute or case law demonstrating that another court has exclusive jurisdiction over Appellee's complaint.

{¶41} Construing all material allegations in the complaint as true in favor of Appellee, along with all reasonable inferences that could be drawn therefrom, Appellee has standing to bring a complaint against Appellant pursuant to R.C. 2323.52(B). Further, the Tenth District Court of Appeals has held that a trial court, in determining whether a person is a vexatious litigator, may consider other cases where the plaintiff is not a party:

> This court has specifically held that whether vexatious litigator finding is made based on conduct in a single case or across multiple cases, the plaintiff in the vexatious litigator action need not be a party to all cases relied on. *Farley v. Farley*, 10th Dist. No. 02AP–1046, 2003-Ohio-3185, 2003 WL 21405558, ¶ 48; *Roo v. Sain*, 10th Dist. No. 04AP–881, 2005-Ohio-2436, 2005 WL 1177940, ¶ 18; *Catudal v. Netcare Corp.*, 10th Dist. No. 15AP–133, 2015-Ohio-4044, 2015 WL 5772202, ¶ 20. This applies the clear

language of R.C. 2323.52(A)(3), which specifies that a complaint may be based on "conduct * * * against the same party or against different parties in the civil action or actions."

By including the word "actions," the statutes permit a court to examine other actions that a person has participated in to determine if that person is a vexatious litigator. *See Buoscio v. Macejko*, 7th Dist. No. 00–CA–00138, 2003-Ohio-689 [2003 WL 346117], ¶ 33 ("Under R.C. 2323.52(A)(3), a person's behavior in prior civil actions can also form the basis for declaring him a vexatious litigator."); *Georgeadis v. Dials*, 10th Dist. No. 99AP–232 [1999 WL 1124713], 1999 Ohio App. LEXIS 5848 (Dec. 9, 1999) (agreeing with the trial court that the appellant fit the definition of a vexatious litigator because her vexatious conduct was demonstrated by both the instant action and prior actions). * * *.

*Catudal* at ¶ 8.

*Prime Equip. Group, Inc. v. Schmidt*, 2016-Ohio-3472, ¶ 19 (10th Dist.).

{¶42} Appellant's first Assignment of Error is overruled.

**Appellant's Second Motion to Dismiss**

{¶43} In his second motion to dismiss filed on March 10, 2023, Appellant argued that Appellee's complaint should be dismissed pursuant to Civ.R. 41(B)(1). Civ.R. 41(B)(1) permits the trial court to dismiss an action or claim for failure to prosecute. It states, "Where the plaintiff fails to prosecute, or comply with these rules or any court

order, the court upon motion of a defendant or on its own motion may, after notice to the plaintiff's counsel, dismiss an action or claim."

{¶44} On February 23, 2023, after filing the complaint to declare Appellant a vexatious litigator in the Delaware County Court of Common Pleas, General Division, Appellee filed an application in the Delaware County Court of Common Pleas, Probate Division, for approval to pursue the complaint on behalf of Mary Ann Pond. By judgment entry filed March 6, 2023, the probate court granted the application and gave Appellee approval to litigate the complaint to declare Appellant a vexatious litigator as described in the application. Appellant then filed his motion to dismiss pursuant to Civ.R. 41(B)(1), arguing that Appellee's complaint should be dismissed because she did not seek prior permission from the Delaware County Probate Court to file a lawsuit on behalf of Mary Ann Pond; that when Appellee did seek an order from the probate court allowing her to file the complaint with the general division, Appellee did not serve Appellant; and that the probate court did not serve Appellant with a copy of the order granting permission to Appellee to file the complaint.

{¶45} Pursuant to R.C. 2111.14(A)(5), "every guardian appointed to take care of the estate of a ward shall have the following duties: (5) To bring suit for the ward when a suit is in the best interests of the ward." As Appellee is the guardian of the estate of the ward, Mary Ann Pond, she filed the complaint to declare Appellant a vexatious litigator in order to protect Mary Ann Pond's assets.

{¶46} Delaware County Court of Common Pleas, Probate Division Loc.R. 66.08 states: "While a guardian is required to seek prior approval of this Court before filing a lawsuit for the ward, prior approval shall not be required when the lawsuit is being filed in

this Court." Sup.R. 66.08(A) states: "A guardian shall obey all orders of the probate division of a court of common pleas establishing the guardianship and shall perform duties in accordance with local rules and state and federal law governing guardianships."

{¶47} The decision to dismiss a case pursuant to Civil Rule 41(B)(1) is within a trial court's sound discretion. *Jones v. Hartranft*, 78 Ohio St.3d 368, 678 N.E.2d 530 (1997). In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary, or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

{¶48} The trial court denied Appellant's second motion to dismiss on April 21, 2023. We find no abuse of discretion for the trial court's judgment and further, find the matter to be moot because the probate court granted Appellee's application and gave Appellee approval to litigate her complaint to declare Appellant a vexatious litigator as described in the application. The controversy was resolved, leaving this Court without a remedy that can be imposed. *See Matter of Guardianship of Pond*, 2023-Ohio-2190, ¶ 26 (5th Dist.) citing *State v. Johnson*, 2022-Ohio-179, ¶ 17 (5th Dist.).

{¶49} Appellant's second Assignment of Error is overruled.

**Appellant's Third Motion to Dismiss**

{¶50} In Appellant's third motion to dismiss, he argued that Appellee's complaint should be dismissed for her failure to comply with his discovery requests. He argues the trial court erred when it did not impose this sanction. We disagree.

{¶51} "Civ.R. 37 provides trial courts with broad discretion to impose sanctions upon a party who violates the rules governing the discovery process." *Curtin v. McCulley*, 2022-Ohio-2482, ¶ 16 (5th Dist.) quoting *Elliott-Thomas v. Smith*, 2018-Ohio-1783.

{¶52} The record in this case shows that while Appellant argues that Appellee did not comply with the discovery process, Appellant himself repeatedly failed to comply with the Ohio Rules of Civil Procedure as to discovery. The trial court had previously admonished Appellant to comply with Civ.R. 5 and properly serve Appellee with his filings. On October 13, 2023, the trial court denied Appellant's motion to compel discovery for his failure to properly serve Appellee with his discovery request and to follow Civ.R. 37(A)(1) by certifying that he had attempted to resolve the matter with Appellee before filing the motion to compel.

{¶53} Accordingly, based on this record, we find no abuse of discretion for the trial court to decline to impose the sanction of dismissal of Appellee's complaint.

{¶54} Appellant's third Assignment of Error is overruled.

**Appellee's Alleged Conflict of Interest**

{¶55} Appellant claims in his fourth Assignment of Error that the trial court erred when it did not dismiss Appellee's complaint based on Appellee's alleged conflict of interest.

{¶56} Appellee argues that Appellant never raised this issue at the trial court level and therefore he has waived the matter. Appellant states that he made this argument to the trial court. We agree with Appellant that he made this argument; however, the devil is in the details. In his third motion to dismiss, Appellant argued the trial court should dismiss Appellee's complaint as a discovery sanction. Appellee moved to strike Appellant's third motion to dismiss. On September 26, 2023, Appellant filed a response to Appellee's motion to strike his third motion to dismiss where he asked the trial court to recognize Appellee's alleged conflict of interest. Appellant, however, did not move the trial court to

dismiss Appellee's complaint based on her alleged conflict of interest. We find Appellant cannot argue on appeal that the trial court erred in failing to dismiss Appellee's complaint based on an alleged conflict of interest when he never moved the trial court to dismiss Appellee's complaint on that basis.

{¶57} Accordingly, we find Appellant never moved the trial court to dismiss Appellee's complaint based on her alleged conflict of interest and is raising the issue for the first time on appeal. This Court has previously stated:

"It is well established that a party cannot raise any new issues or legal theories for the first time on appeal." *Dolan v. Dolan*, 11th Dist. Nos. 2000–T–0154 and Nos. 2001-T-2003, 2002-Ohio-2440, [2002 WL 1012575], at ¶ 7, citing *Stores Realty Co. v. Cleveland* (1975), 41 Ohio St.2d 41, 43, 322 N.E.2d 629. "Litigants must not be permitted to hold their argument in reserve for appeal, thus evading the trial court process." *Nozik v. Kanaga* (Dec. 1, 2000), 11th Dist. No. 99-L-193, [2000 WL 1774136], 2000 Ohio App. LEXIS 5615.

Failure to raise this issue before the trial court operates as a waiver of Appellant's right to assert such for the first time on appeal. *See Hypabyssal, Ltd. v. City of Akron Hous. Appeals Bd.* (Nov. 22, 2000), 9th Dist. No. 20000 [2000 WL 1729471], citing *State ex rel. Zollner v. Indus. Comm.* (1993), 66 Ohio St.3d 276, 278, 611 N.E.2d 830.

*Goble v. Grosswiler*, 2019-Ohio-4443, ¶ 18 (5th Dist.) quoting *Binsara, LLC v. Bolog*, 2019-Ohio-4040, ¶¶ 50-51 (5th Dist.).

{¶58} Appellant waived his right to assert that the trial court should dismiss Appellee's complaint based on an alleged conflict of interest. Appellant's fourth Assignment of Error is overruled.

**V.**

{¶59} In Appellant's fifth Assignment of Error, he argues the trial court misinterpreted the definition of vexatious litigation.

{¶60} On August 30, 2023, Appellee moved for summary judgment on her complaint to declare Appellant a vexatious litigator pursuant to R.C. 2323.52. Appellant filed a response to the motion for summary judgment. On October 13, 2023, the trial court reviewed Appellee's motion for summary judgment and Appellant's response to the motion for summary judgment to find reasonable minds could only conclude that Appellant was a vexatious litigator pursuant to R.C. 2323.52. Accordingly, the matter before us on appeal is based on the trial court's granting of summary judgment pursuant to Civ.R. 56.

{¶61} Civil Rule 56 states, in pertinent part:

Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds

can come to but one conclusion and that conclusion is adverse to the party

against whom the motion for summary judgment is made, that party being

entitled to have the evidence or stipulation construed most strongly in the

party's favor. A summary judgment, interlocutory in character, may be

rendered on the issue of liability alone although there is a genuine issue as

to the amount of damages.

{¶62} A trial court should not enter summary judgment if it appears a material fact is genuinely disputed, nor if, construing the allegations most favorably towards the non-moving party, reasonable minds could draw different conclusions from the undisputed facts. *Hounshell v. Am. States Ins. Co.*, 67 Ohio St.2d 427, 424 N.E.2d 311 (1981). The court may not resolve any ambiguities in the evidence presented. *Inland Refuse Transfer Co. v. Browning-Ferris Inds. Of Ohio, Inc.*, 15 Ohio St.3d 321, 474 N.E.2d 271 (1984). A fact is material if it affects the outcome of the case under the applicable substantive law. *Russell v. Interim Personnel, Inc.*, 135 Ohio App.3d 301, 733 N.E.2d 1186 (6th Dist. 1999).

{¶63} When reviewing a trial court's decision to grant summary judgment, an appellate court applies the same standard used by the trial court. *Smiddy v. The Wedding Party, Inc.*, 30 Ohio St.3d 35, 506 N.E.2d 212 (1987). This means we review the matter de novo. *Doe v. Shaffer*, 90 Ohio St.3d 388, 2000-Ohio-186, 738 N.E.2d 1243.

{¶64} In Appellant's appellate brief, he does not cite any law to support his position. He argues the trial court "erred by not reading or understanding the plain English definition of vexatious litigation." (Appellate Brief, p. 11). Appellant, however, does not provide this Court with a definition of "vexatious litigation." The trial court noted in its

judgment entry granting summary judgment in favor of Appellee that Appellant likewise did not support his claims pursuant to the requirements of Civ.R. 56.

{¶65} "[A]n appellate court will ordinarily indulge a pro se litigant where there is some semblance of compliance with the appellate rules." *Byrd v. Newark*, 2021-Ohio-3886, ¶ 14 (5th Dist.) quoting *State v. Richard*, 2005-Ohio-6494, ¶ 4 (8th Dist.) (internal quotation omitted). "Fairness and justice are best served when a court disposes of a case on the merits." *DeHart v. Aetna Life Ins. Co.*, 69 Ohio St.2d 189, 193, 431 N.E.2d 644, 647 (1982). However, "[i]f an argument exists that can support [an] assignment of error, it is not this court's duty to root it out." *State v. Colston*, 2020-Ohio-3879, ¶ 58 (5th Dist.) quoting *Thomas v. Harmon*, 2009-Ohio-3299, ¶14 (4th Dist.), quoting *State v. Carman*, 2008-Ohio-4368, ¶ 31 (8th Dist.). "It is not the function of this court to construct a foundation for [an appellant's] claims; failure to comply with the rules governing practice in the appellate courts is a tactic which is ordinarily fatal." *Catanzarite v. Boswell*, 2009-Ohio-1211, ¶ 16 (9th Dist.), quoting *Kremer v. Cox*, 114 Ohio App.3d 41, 60, 682 N.E.2d 1006 (9th Dist. 1996).

{¶66} Appellant has not provided any support for his argument that Appellee was not entitled to summary judgment. It is not the duty of an Ohio appellate court to create arguments for the parties and search the record for evidence to support them. *Salameh v. Doumet*, 2019-Ohio-5391, ¶ 60 (5th Dist.) citing *Colvin v. Colvin*, 2019-Ohio-2209, ¶ 40 (5th Dist.) citing *Washek v. Washek*, 2019-Ohio-1504, ¶ 21 (5th Dist.). On our de novo review of the record, we find Appellee is entitled to judgment as a matter of law on her complaint that Appellant should be declared a vexatious litigator pursuant to R.C. 2323.52.

{¶67} Appellant's fifth Assignment of Error is overruled.

**VI.**

{¶68} Appellant argues in his sixth Assignment of Error that the trial court judge erred in continuing the litigation because the judge had a conflict of interest.

{¶69} Appellant presented the trial court with a questionnaire to determine the judge's bias. The trial court denied the questionnaire, finding Appellant failed to comply with the statutory procedure for disqualifying a trial court judge.

{¶70} "An appellate court lacks jurisdiction to disqualify a common pleas judge or to vacate a common pleas court judgment on the basis of judicial bias." *FitzGerald v. FitzGerald*, 2021-Ohio-751, ¶ 45 (6th Dist.) quoting *Branum v. Branum*, 2011-Ohio-361, ¶ 56 (6th Dist.), citing *Beer v. Griffith*, 54 Ohio St.2d 440, 441-442, 377 N.E.2d 775 (1978); *State v. Valenti*, 2006-Ohio-3380, ¶ 25 (6th Dist.). The proper procedure is the filing of an affidavit under R.C. 2701.03. *Id.*, citing *Beer, supra* at 441-442.

{¶71} Appellant's sixth Assignment of Error is overruled.

## CONCLUSION

{¶72} The judgment of the Delaware County Court of Common Pleas is affirmed.


By: Delaney, P.J.,

Hoffman, J. and

Wise, J., concur.